## WAYLAND'S ADM'R v. MOSELY.

1. A bill of lading is a writing of a two-fold character—1, a receipt—2, a contract, to carry and deliver goods; as a receipt, it may be contradicted by parol evidence, but in other respects it is treated as other contracts. But where the shipper is impliedly bound from the face of the bill to pay the freight of goods, it is allowable to show that the owner of the boat received them under an agreement with a third person to pay the freight, if the latter has paid it.

WRIT of error to the Circuit Court of Madison.

The plaintiff in error declared against the defendant, in *assumpsit*, upon a parol contract; by which, the former agreed to carry from Whitesburg, in Madison county, to the city of New-Orleans, ninety-seven bales of cotton, weighing thirty-nine thousand one hundred and thirty-three pounds; and the latter, in consideration thereof, undertook to pay him seventy-five cents per hundred pounds, for all the cotton that was thus carried and delivered. The declaration avers the delivery of the cotton according to contract, and the non-payment of the freight.

The cause was tried on the plea of *non assumpsit*, with leave to give any special matter in evidence which would be good as a plea. On the trial, the defendant excepted to the ruling of the court. It is shown by the bill of lading that the defendant shipped the cotton by the plaintiff's intestate, as alleged, to "Messrs. Martin, Pleasants & Co. or their assigns, they paying half freight for the same at the rate of seventy-five cents per hundred pounds." The plaintiff also proved, that the cotton therein mentioned, was delivered in good condition to Martin, Pleasants & Co. in New-Orleans; and further, it was testified by P. Patteson, that defendant sent the cotton to him without any instructions what to do with it; that he, Patteson, made the contract with the plaintiffs' intestate for its shipment, put it on his boats, and took the bill of lading; that the next time witness saw defendant, he told him what had been done, and he did not object to it. The defendant then offered to prove by Patteson, that previous to the shipment of the defendant's cotton, he, witness, had sold a tract of land to the plaintiff's intestate, for which he was to pay him by freight-

ing cotton to New-Orleans; that the intestate agreed to take the cotton referred to in the bill of lading, and look to witness for the payment of the freight; further, the intestate never considered Mosely bound for it. After the cotton had been shipped, and bill of lading taken, Patteson purchased the cotton of the defendant, and bound himself to pay the freight, and still considers that he is bound for it. The plaintiff objected to the admissibility of the evidence offered by the defendant, but his objection was overruled, and the evidence allowed to go to the jury; and thereupon he excepted. The jury returned a verdict for the defendant, and a judgment has been thereupon rendered.

Robinson, for the plaintiff in error.—The bill of lading obliges the defendant to pay the freight, and the evidence of Patteson, stating that the freight was paid by him, under a contract with the intestate, from the purchase money due him by the latter, for a tract of land previously sold, was inadmissible; because it contradicted the bill of lading. [3 Stewart's Rep. 271; 5 Porter's Rep. 498; 3 Ala. Rep. N. S. 590; 9 Wheaton, 581; 3 Mason's Rep. 378; 2 Day's Rep. 137; 1 Caine's Rep. 358; 3 Conn. Rep. 9.]

Parsons, for the defendant in error, cited Greenleaf's Evidence, 353; 5 Gill & Johns. Rep. 156–7–8; 1 Paige's Rep. 13; Id. 202; Peters' Cond. Rep. 545; 3 Cranch's Rep. 311.

COLLIER, C. J.—In Jones, et al. v. Sims & Scott, [6 Porter's Rep. 138,] it was held, that if a contract be made by bill of lading in the ordinary form, by which one man acknowledges to have received of another, some article of merchandize to be delivered to a third, who is to pay the freight, the title, by the shipment, *eo instanti*, passes to the consignee. Some of the cases maintain, that the bill is conclusive of the right of property; but in the case cited, this Court considered it only *prima facie* evidence that the consignee was the owner, and might be rebutted by showing the reverse to be true. Whether the same presumption is indulged, where the bill of lading states the consignees are to pay half the freight, the view which we take of the present case, makes it unnecessary to inquire.

If the bill of lading could be regarded as a mere receipt, it

would be inconclusive, and might be varied by parol evidence; but its character is two-fold, viz: a receipt, and a contract, to carry and deliver. So far as it acknowledges the receipt of goods, and states their condition, &c., it may be contradicted; but in other respects it is treated like other written contracts, [Babcock v. May, et al., 4 Ohio Rep. 334; Barett, et al. v. Rogers, 7 Mass. Rep. 297; Greenl. on Ev. 353–4; 3 Phil. Ev. C. & H's notes, 1439.] The bill of lading contains no express stipulation on the part of the shipper to pay freight, and his liability, at most, is a legal deduction, from the fact of the shipment, and the failure to provide some other means of payment. Let it be conceded then, as it is the point of view most favorable to the plaintiff, that the defendant is under an implied agreement to pay the freight, and we think it may be shewn that the evidence was properly admitted. The facts, so far as material, are these; Patteson, the agent of the defendant agreed with the plaintiff's intestate to carry from Whitesburg, on the Tennessee river, the cotton in question; the intestate was at that time indebted to Patteson for a tract of land previously sold, and for which he was to pay him by carrying cotton to New-Orleans; and he agreed to look to Patteson for the freight, and never considered the defendant bound for it. After the bill of lading was signed, Patteson purchased the cotton of Mosely, bound himself to pay the freight, and still considers himself bound to pay it. The fair inference from this evidence is, that Patteson gave the plaintiff's intestate a credit equal to the amount of the freight against intestate's indebtedness to him, and that the freight, in virtue of the parol agreement, made simultaneously with the shipment of the cotton, was, in point of law, fully paid. This being the case, there is no objection to the admission of the evidence, as there might be if the contract to pay freight was executory, and had never been executed. In McNair and wife v. Cooper, at the last term, it was conceded, that in an action on a written contract, the defendant might avail himself in his defence of a parol stipulation which no longer remained *in fieri*, but had been performed. This case is well supported by authority, cited both in the argument of counsel, and in the opinion of the court—it is not opposed to any principle, and is so decisive of the case before us as to render it unnecessary to amplify. The judgment of the circuit court is affirmed.

CLAY, J. not sitting.