## O'BRIEN *versus* GILCHRIST.

A bill of lading, in the usual form, is a receipt for the quantity of goods shipped, and also a promise to transport and deliver the same.

So far as such a bill is a receipt, it may, in a suit between the parties to it, be controlled by parol proof.

Thus, in a suit by the shipper, upon such a bill, for the non-delivery of the goods, it is competent for the defendant to prove that the quantity of goods received was less than that acknowledged in the bill.

A bill of lading stated the shipping of a specified number of sticks of timber, containing a specified number of tons "more or less." In a suit upon the bill, the defendant offered parol evidence of an agreement by the shipper that the words "more or less" should apply equally to the number of sticks as to the number of tons. — *Held,* such evidence was inadmissible.

On EXCEPTIONS from the *District Court,* RICE, J.

The defendant was master of the schooner Grecian. She was lying at the port of King William in Virginia. The plaintiff shipped on board of her a quantity of oak timber to go on freight to East Thomaston in Maine. The bill of lading, signed by the defendant, contained the following expressions : —

" Shipped in good order and condition, by Seth O'Brien, in and upon the good schooner called the Grecian, whereof Cornelius Gilchrist is master for the present voyage, and now lying in the port of King William, and bound for East Thomaston, viz : —

" Three hundred seventy-eight pieces of white oak ship timber, amounting to one hundred and thirty-four tons and thirty-two feet, more or less, and are to be delivered in the like good order and condition, at the said port of East Thomaston," &c.

The timber delivered at East Thomaston was but 351 pieces amounting to one hundred and twenty-three tons, making a deficit from the bill of lading of eleven tons and thirty-two feet. This controversy relates to that deficiency.

The defendant at the trial offered several witnesses to prove that there were not so many pieces nor so many tons received on board as is described in the bill of lading. The plaintiff objected to contradicting the bill of lading by parol, but the

Court held that, so far as the bill of lading was in the nature of a receipt, it was very strong *prima facie* evidence of the truth of its recitals, but not conclusive; and it was therefore, as to the numbers and quantity, liable to be contradicted and overcome by oral testimony, and that as between the parties, all relevant evidence tending to show that the defendant was induced by misrepresentation or mutual mistake, to sign a bill of lading reciting a larger quantity than had in fact been delivered and received, would be proper for the consideration of the jury.

The Judge therefore admitted the witnesses. Some of them testified, *that* all the timber received at Virginia was delivered at East Thomaston; *that* the plaintiff, after the timber had been taken on board, brought the bill of lading to the defendant for signature; *that* the defendant objected to it, because it did not agree with the account which he had taken as to the amount, and because it contained more timber than had been delivered; — *that* thereupon the plaintiff inserted the words "more or less;" *that* the defendant then further objected that these words would be held to apply, not to the number of pieces of timber, but only to the number of tons; *that* the plaintiff then agreed that they should apply as well to the number of pieces as to the number of tons, and *that* thereupon the plaintiff signed the bill and immediately sailed upon the voyage.

This testimony was objected to. There was other evidence relative to the same matters.

The Judge instructed the jury, — 1*st*, *that* the bill of lading was an instrument possessing the characteristics of a *contract* and of a receipt; *that*, so far as it acknowledges the receipt of a certain number of sticks, amounting to a certain number of tons, it is in the nature of a *receipt*, and, though evidence of a high character of the truth of its recitals, yet is not conclusive on those points, but, like other receipts, is open to explanation or contradiction by other testimony; — 2*d*, *that*, while, so far as it was an agreement to transport and deliver the timber actually received, it was in the nature of a contract, and

being in writing, could not be explained or controlled by oral testimony ; — 3*d, that* if the jury were satisfied that, by the mutual mistake of the parties, the bill of lading recites a larger number of sticks of timber than was actually delivered to the defendant in Virginia, he would not be liable for that excess, but only liable for the safe carriage and delivery of so much timber as was actually delivered to him by the plaintiff; — 4*th, that* the words "more or less," by legal construction of the instrument, applied only to the number of tons and not to the number of sticks, and *that* the evidence, as to what was said between the parties relative to the meaning that should attach to those words (" more or less,") should be entirely disregarded by the jury, so far as it was designed to control the legal construction of the instrument, and could only be considered by them, as it should bear upon the question, whether the recitals as to the number of sticks of timber were or not erroneous.

The verdict was for the defendant, and the plaintiff excepted.

*Gould,* for the plaintiff.

Parol testimony is admissible to explain or contradict receipts *only* where a mistake or misapprehension of fact is to be corrected. *Alner* v. *George,* 1 Camp. 393 ; *Stackpole* v. *Arnold,* 11 Mass. 32; *Johnson* v. *Johnson,* 11 Mass. 363; *Rollins* v. *Doyle,* 16 Maine, 475.

If, when a receipt be given, one party computes the amount receipted for at one sum, and the other at another sum, and they finally agree to a definite sum, and reduce that agreement to writing, parol testimony cannot be introduced to show which party was in the right at the time of the computation.

The amount agreed upon in such a receipt is to be regarded as a *compromise* between the parties. 1 Greenl. Ev. 4th Ed. 305, note ; 9 Conn. 406.

Bills of lading are written instruments of a nature to command great regard, and are to be contradicted by parol testimony, *only* when a party is deceived by *external* appearances, or where the facts could not have been ascertained by reason-

able diligence ; — *Barrett* v. *Rogers*, 7 Mass. 297, 300 ; Abbott on Ship., by Story, 4th Ed., 216 and 217, and authorities there cited ; — Or where *fraud* or *imposition* is *clearly proved.* Angel on Carriers, § 232.

Parol evidence is not admissible to change or enlarge the language of a written instrument, nor are other words to be added or substituted instead of those of the writing. The duty of the Court is merely to ascertain the meaning and construction of the language *from the instrument itself* and the surrounding circumstances. 1 Greenl Ev. (4th Ed.) 277, 278, 279, 281.

Where there is no fraud indicated by the facts, which have been legitimately proved, it is not competent for the Court to admit irrelevant and injurious testimony, upon a mere suggestion of counsel. Vide *Paysant* v. *Ware*, 1 Ala. 160 ; 5th vol. U. S. Dig., Tit. Evi., par. 1696. Instructions to the jury to disregard such testimony in the final charge, when it had made all its impression upon the minds of the jury, do not cure the error.

Apply these principles to this case, and it will appear that much of the testimony should have been excluded.

1st. Neither *fraud* or *mistake* is indicated by the proof in the case. It appears by the defendant's own showing, that he took an account of the timber, as it came on board, and that his account did not agree with that of the plaintiff's. These differences were finally reduced to an agreement in writing.

2d. Every thing was open to the inspection of the defendant ; he could easily ascertain the amount of timber. There was no fault in this respect on the part of the plaintiff, and no opportunity for fraud or mistake. Under such circumstances the written agreement is the only competent evidence of the amount.

3d. The Judge permitted the defendant to substitute by parol a different undertaking from that of the bill of lading.

4th. The testimony in regard to the words, " more or less," was inadmissible for *any purpose.* *Russell* v. *Doyle*, 15 Maine, 112.

*Ruggles*, on the same side.

This case furnishes the strongest illustration of the absurdity of admitting parol evidence to contradict that which is written. It makes the defendant, while in the very act of saying *by writing*, that there were so many sticks of timber, also to say *in words* that there were not so many.

It also attempts to control the writing, by a certain supposed verbal agreement, made at the very time of signing it, that certain words in the writing, shall be construed differently from their legal and natural meaning, instead of making the writing to conform to the intention of the parties, which it was so easy to have done. Whether it be a *receipt* or not, it would be the most mischievous to allow a party to have his witness standing by to swear, that the parties did not mean what they deliberately reduced to writing and put their hands to. The ground of objection to parol testimony is that, in such case, the written agreement cannot be a mistake as to what the parties understood and meant at the time of executing it, though a witness may have misunderstood or forgotten.

Such testimony is as mischievous in relation to a *receipt* as to a note of hand, and the same objection would apply to its admission.

*Lowell* and *Foster*, for the defendant.

APPLETON, J. — That a receipt may be contradicted by parol evidence, has long been considered well settled law. The bill of lading, so far as regards the condition of the goods shipped, is *prima facie* evidence of a high nature, but not conclusive. *Barrett* v. *Rogers*, 7 Mass. 297. The master of a vessel is not authorized to open the packages to ascertain their condition. The principles of public policy and the convenience of transportation forbid that boxes, bales, &c. should be opened and inspected before receipted for by carriers. They therefore, may show that they were damaged before coming into their possession. *Gowdy* v. *Lyon*, 9 B. Mun. 113. The same rule of law has been applied to the quantity of goods therein stated as having been received for transporta-

O'Brien *v.* Gilchrist.

tion. In *Bates* v. *Todd*, 1 M. & R. 106, TINDAL, C. J. said, that he was of opinion that, as between the original parties, the bill of lading is merely a receipt liable to be opened by the evidence of the real facts and left the question for the jury to determine what number of bags of coffee had been shipped. In *Berkely* v. *Watting*, 34 E. C. L. 22, it was held, that the defendants were not estopped by the bill of lading to show that goods purporting to be, were not in fact, shipped. In *Dickerson* v. *Seelye*, 12 Barb. 102, EDMONDS, J., in delivering the opinion of the Court, says, "as between the shipper of the goods and the owner of the vessel, a bill of lading may be explained so far as it is a receipt; that is, as to the quantity of goods shipped and the like; but as between the owner of the vessel and an assignee for a valuable consideration paid on the strength of the bill of lading, it may not be explained." What may be the rights of an assignee under such circumstances it is not necessary to consider or determine here, as that question does not arise in the present case.

In *Wayland* v. *Mosely*, 5 Ala. 430, the Court say, "that a bill of lading in its character is twofold, viz ; a receipt and a contract to carry and deliver goods. So far as it acknowledges the receipt of goods and states their condition, &c. it may be contradicted, but in other respects it is treated like other written contracts." In *May* v. *Babcock*, 4 Ohio, 334, the language of the Court is, that "a bill of lading is a contract including a receipt." The same doctrine in New York is likewise fully affirmed in *Walfe* v. *Myers*, 3 Sand. 7. The best elementary writers also concur in this view of the law. 1 Greenl. Ev. § 305 ; Abbott on Shipping, 324. The evidence, so far as relates to this question, was legally admissible and the instructions of the Court in relation thereto were in conformity with well established principles.

The evidence offered by way of giving a construction to the meaning of the words "more or less" in the bill of lading, was most clearly inadmissible. The Court however directed the jury entirely to disregard all evidence, which

was designed to control the legal construction of the instrument, and it is to be presumed that the jury in rendering their verdict followed the instructions of the Court.

At the same time, the construction of these words, as given in the charge of the Judge, was most favorable to the plaintiff.

*Exceptions overruled. Judgment on the verdict.*

Shepley, C. J., and Tenney and Howard, J. J., concurred.