EASTERN DIS.
June, 1834.

KIMBALL AND
LILLY
vs.
BRANDER
ET ALS.

———————

## KIMBALL AND LILLY vs. BRANDER ET ALS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-
ORLEANS.

The bill of lading is only *prima facia* evidence that the goods and merchandise mentioned in it were shipped in good order.

Other evidence will be received to show that the articles mentioned in a bill of lading as being shipped in good order, were damaged before shipment.

This is an action for the recovery of the freight on two hundred and ninety-eight bales of cotton and six packs of peltry, shipped on board the plaintiff's steamboat Saratoga, at Ecore à Fabre, and delivered to the defendants as consignees in New-Orleans. The sum claimed is four hundred and fifty dollars.

The defendants pleaded the general issue; and that the cotton and peltry which was shipped in good order, was damaged by the negligent conduct of the plaintiffs to the amount of four hundred and forty-seven dollars and fifty-four cents

EASTERN DIS. according to an account annexed, which they plead in
June, 1834.
compensation and reconvention.

KIMBALL AND
LILLY
vs.
BRANDER
ET ALS.

On the trial of the cause the plaintiffs offered several witnesses to prove that the cotton was damaged before it was received for shipment on board the steamboat; the defendant's counsel objected to the testimony on the ground that it went to contradict the bill of lading, which they produced to show that the cotton was shipped in good order; the court admitted the evidence, considering the bill of lading as only *prima facia* evidence of the highest order.

After hearing the testimony of the parties, the jury returned a verdict for the plaintiff for the whole amount of his claim. The defendant appealed.

*Keene,* for the plaintiff.

1. The bill of lading relied on by the appellants constitutes only *prima facia* evidence in their favor.

2. The numerous and strong facts irrefragably established in the record in favor of the appellees, in respect of the greatly damaged state of the cotton in question, show unequivocally that the damage complained of by the appellants, was produced or occasioned by causes altogether extraneous of any occurrence on board of the steamboat Saratoga, and causes that did not involve the responsibility of the appellees.

*McCaleb* and *Gray, contra:*

BULLARD, J., delivered the opinion of the court.

This suit is instituted by the owners of the steamboat Saratoga, to recover of the defendant freight on a lot of cotton and peltry from the Ecore à Fabre to New-Orleans. The defendants in their answer allege that the cotton when delivered was damaged, and they claim in reconvention the damages sustained by the deterioration of the cotton.

The bill of lading is in the usual form, stating that the cotton and other articles were shipped in good order and well-conditioned. A bill of exceptions was taken by the defendants to the admission of evidence on the part of the plaintiffs,

to show that the damage to the cotton had been received before it was shipped, and was occasioned by being left a long time on the ground, and exposed to the weather on the Ouachita river. Such evidence was objected to on the ground, that it went to contradict the bill of lading. We are of opinion the evidence was properly admitted. A bill of lading is not considered conclusive evidence either as to property or the real condition of the merchandise at the time of the shipment. It is *prima facia* evidence, and clear and strong evidence should be required to rebut it. *Abbot* in his Treatise on Shipping, says while treating on this instrument, "It is obvious that the quality, and frequently also the quantity of the goods must be unknown to the master; and the Commentator on the Ordinance informs us, that by the quality, the exterior and apparent quality only is meant." *Abbot on Shipping, p.* 217.

<div style="margin-left:auto">EASTERN DIS.<br>June, 1834.</div>

The bill of lading is only *prima facia* evidence that the goods and merchandize mentioned in it was shipped in good order.

On the merits, the evidence which we have carefully examined, leaves no doubt on our minds, but that the cotton was damaged before it was laden on board the Saratoga. It was brought from the part of the country where it was raised, down the Ouachita river to the Ecore à Fabre, when it was left on the ground exposed to the weather. On its arrival in this city four or five days afterwards, it was found rotten to the depth of several inches. It is physically impossible that it could have become so rotten in so short a time as appears to have elapsed between the shipment and the delivery of it here.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.

