# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## FIRST GRAND DIVISION.

### NOVEMBER TERM, 1865.

### GEORGE GULLIVER

*v.*

### ADAMS EXPRESS COMPANY.

1. EXPRESS COMPANIES—*their liability.* Express companies are common carriers, and are liable as such ; they are insurers for the safe delivery of property intrusted to them for transportation, and will not be excused for its non-delivery except they are prevented by the act of God or a public enemy.

2. SAME—*delivery—notice.* The rule is, that express companies can not discharge themselves from responsibility in any other way than by delivering the property to the proper person, at his residence or place of business.

3. But this rule has been relaxed in a case where there was a well established custom at railroad way stations, to give notice to the owner, and deliver at the office, it being reasonable to suppose the parties contracted. with reference to such custom.

4. There must not, however, be an unreasonable delay in giving the notice in such case. Where the owner of a package of money sent by express, resided in the country, eight miles from the office of delivery, a delay in giving him notice, from October until February, was considered unreasonable.

5. SAME—*from whom received.* The liability of the company for the safe delivery of property which has come into their possession, is the same whether it was received direct from the owner, or from another company to whom it was originally delivered.

6. SAME—*receipt not essential.* Nor is it essential to the liability of the company that they should have given a receipt for the property. The fact that it came to their possession as carriers may be shown by other testimony.

7. EXCEPTIONS—*and bill of exceptions—when necessary.* Instructions given by the court to the jury can become a part of the record only by being incorporated in a bill of exceptions.

8. Nor can the *propriety of an instruction* be inquired into in the appellate court unless it appears from the bill of exceptions that it was excepted to in the court below.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit instituted in the court below by George Gulliver against the Adams Express Company, to recover the sum of three hundred dollars, alleged to have come to the possession of the defendants as common carriers, but was never delivered by them to the party to whom it was directed.

The circumstances were these: One Walker testified that the plaintiff sent by him from Vicksburg, Mississippi, the sum of $300, to be forwarded by express from Nashville, Illinois, to Harmon Konon, at Trenton, in this State, to be kept by Konon for the plaintiff. Walker states that he brought the money to Nashville, and there delivered it to A. G. Boyd, the agent of the Nashville and Richview Express Company; that Boyd counted the money and sealed it up in an envelope with a few lines to Konon, and addressed it to him. in the witness'

presence, and gave a receipt for it. Boyd also testifies to his receiving the money and counting it, and sealing it up, with the address upon the envelope as stated by Walker, and that he delivered the package to William Shipley, who was the Nashville and Richview Express Company, on the evening he received it, the 23d of September, 1863, or the following morning.

Shipley states that he received the package and delivered the same to the defendants' agent at Richview, just as he received it from Boyd. And the defendants' books, kept at Richview, showed the receipt of such a package on the 26th of September, 1863.

It was shown that the defendants were carriers by express, at that time, between Nashville and Trenton.

Konon testified, that being informed by letter from the plaintiff, that the money had been sent, he applied once in October and once in November, to defendants' agent at Trenton, who told him each time there was no package there ; that he, the witness, had lived twenty-two years eight miles from Trenton ; that he and the plaintiff applied to the agent at Trenton about the 1st of February, 1864, when the agent gave them a package, which on being opened, a few minutes after, contained no money, but slips of brown paper instead, whereupon they returned to the agent and showed him the package. This envelope was identified on the trial by Walker, Boyd, Shipley and Konon.

The agent of the defendants at Trenton, stated that the package came to that office between the latter part of September and the middle of October, 1863, and that he tried for two months to find Konon before he could find such a man, and then he sent him word. He testified to the delivery to Konon and the return of the package to him, stating that when delivered it had no appearance of having been opened. That it would go into the hands of two messengers, at least, between Richview and Trenton.

33—38TH ILL.

The jury returned a verdict for the defendants, and the plaintiff brings the cause to this court upon writ of error, insisting that the evidence does not sustain the verdict.

Mr. P. E. HOSMER, for the plaintiff in error.

Mr. H. K. S. O'MELVENY for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

It is insisted that the finding of the jury is manifestly against the weight of evidence, and that the court below, therefore, erred in overruling the motion for a new trial. Two unimpeached witnesses swore that the money was placed in the envelope and sealed up. One of these witnesses testifies that he placed the package in the hands of Shipley, agent of the Nashville and Richview Express Company, on the evening that it was sealed up, or on the next morning. Shipley testifies that he received the package, as stated, and delivered it to the agent of defendants in error, at Richview, precisely as he received it from Boyd, and the books of defendants in error show the delivery of such a package to them at that time. It would be hard to imagine how clearer or more convincing proof could be made, that the money came to the hands of defendants' agents. It seems to be positively proved by witnesses, so far as we can see, wholly unimpeached; and if so, their evidence should not be rejected.

The evidence is equally as clear, that when the package was received by plaintiff the money had been abstracted. This is proved by a witness who stands unimpeached on the record, and who was with plaintiff when he received and opened the package. He swears, that when it was opened it contained the note written by Boyd to Konon, that it contained no money, but slips of brown paper had been substituted. It seems in this case, that plaintiff, through his agents, observed all the

precautions required of a prudent man in such cases, and so far as we can see, was guilty of no negligence in placing the money in the hands of the company; and after having received it, they have failed to account for it according to their agreement.

In the case of *Baldwin* v. *The American Express Company*, 23 Ill. 197, it was held that express companies are common carriers, and are liable as such. In that case it was said: "It is the settled doctrine of England, and of this country, that there must be an actual delivery to the proper person, at his residence, or place of business, and in no other way can he discharge himself of his responsibility as a common carrier, except by proving that he has performed his engagement, or has been excused from the performance of it, or been prevented by the act of God, or a public enemy". It was also said to be "necessary, in order to give due security to property, this rigid rule should obtain, and it has for years been enforced against common carriers. They are considered as insurers and are under that responsibility." It is true, in that case, the rule was somewhat relaxed, as it was held that if it was the well established custom at way stations to give notice to the owner, and deliver at the office, the custom would be reasonable, and the parties might be supposed to have contracted with reference to it. But even if such a custom existed at the station in this case there seems to have been an unreasonable delay in giving notice. The agent of the company says that the person to whom the package was addressed, resided some eight miles in the country from the office of delivery. This would seem to require no great effort to ascertain his residence and give the notice. But the evidence fails to show any delivery. Nor is there any evidence that the company were excused from delivering the package, or at least giving notice; nor does it appear that they were prevented by the act of God or a public enemy. Having received the money they are liable to account for it.

Nor can the company escape liability by showing that it first came to the hands of another company. The money seems to have been traced to their hands, and whether it was from the owner or a different company can make no difference as to their responsibility, their duties and liability being the same in either event. This is the well recognized rule on both sides of the Atlantic. Having given their receipt for the money, they, as insurers, must produce it, or show that it never came to their hands. In this case they do not appear to have receipted for the package, but it was proved that it came to their possession as carriers by express, and renders them equally responsible.

It is, likewise, insisted, that the court erred in giving the fifth instruction given for defendant in error. Upon an examination of the bill of exceptions, we find that no instructions have been embodied therein, or that any exception was taken by plaintiff to any instruction given by the court. It is true the clerk has copied a number of instructions into another part of the record, but whether they are the same which the court gave we are uninformed by the bill of exceptions. Instructions only become a part of the record by being incorporated into a bill of exceptions. And if they had appeared as a part of the record we could not consider whether they were or not properly given unless the bill of exceptions showed that they were excepted to when given. If it does not affirmatively appear that they were excepted to, the presumption must be indulged that they were given without objection. But we are of the opinion that this case should go to another jury to be passed upon by them, and the judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*