RAGSDALE, HARPER & WEATHERS *v.* SOUTHERN RAILWAY COMPANY.

1. For a sufficient consideration the shipper relieved the carrier of injuries to the live stock caused by viciousness of the animals or defects in the car, which had been examined by the shipper.
2. All the evidence tended to show that the animal had been injured in consequence of one of the risks expressly assumed by the shipper, and the court did not err in granting a nonsuit.

Argued February 22, — Decided March 3, 1904.

Action for damages. Before Judge Calhoun. City court of Atlanta. March 31, 1903.

*J. F. Golightly,* for plaintiffs.     *Dorsey, Brewster & Howell, Sanders McDaniel* and *J. D. Bradwell,* for defendant.

LAMAR, J. The plaintiffs' stock was shipped under a special contract like that referred to in *Williams v. Central Ry. Co.,* 117 *Ga.* 830, and *Central Ry. Co. v. James,* 117 *Ga.* 832. The case is controlled by the principle announced in those decisions. The shipper, in consideration of a lower freight rate, stipulated that he would examine the car in which the stock were to be shipped; that he would have some one to accompany the stock and take charge thereof; and that he would relieve the company of damages caused by defects in the car or occasioned by the viciousness

of the animals.    The suggestion that a slat had been broken by the jamming together of the cars was not sustained by the evidence, one of the plaintiffs testifying that he did nòt know how it had been caused ; that it " might have been by a kick."    There was no proof of any " jamming," and no explanation as to how the coming together of the cars would break one slat and leave no other sign.    All the circumstances indicated that it was caused by the kick of one of the mules, and against the consequent injury the company was relieved.    Neither was there evidence to sustain the theory that the animals had been removed from the car number N. E. 10118 and placed in number N. E. 10178.    The way-bills offered by the plaintiffs indicated that the number of the car inserted in the bill of lading was a clerical mistake, and that the animals were received in Atlanta in the car in which they had been shipped from Memphis.    At any rate it was incumbent on the plaintiffs to make out the case.    The suit was on the theory that the mules were shipped in number 10178.    There was no suggestion in the pleadings or evidence that they had been changed from one car to another, and no proof of negligence on the part of the company.    All the evidence indicated that the injury had been occasioned by a defect in the car, or viciousness in the mules, from both of which the shipper for a sufficient consideration had expressly released the carrier.    Civil Code, § 2276.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*