# Alabama Great Southern Railway Co. v. Norris.

## Damage for Failure to Deliver Goods.

(Decided Feb. 10, 1910. Rehearing denied June 30, 1910.
52 South. 891.)

1. *Actions; Form; Assumpsit; Case.*—Assumpsit is the breach of the contract, and an action on the case is for a breach of the duty growing out of a contract, either expressed or implied.

2. *Pleading; Amendment.*—Where the action is by a shipper against a carrier and the counts of the complaint are amended by adding to each after the wrong complained of the words, "in breach of defendant's contract with plaintiff" the counts thus amended were changed into counts in assumpsit.

3. *Carriers; Contract of Shipment.*—A contract of carriage need not be in writing, but may rest in parol.

4. *Same; Bill of Lading.*—A bill of lading has a dual character and effect; in one aspect it is a receipt, and in the other a contract.

5. *Evidence; Bills of Lading; Parol.*—As a receipt a bill of lading is open to explanation or modification by parol evidence.

6. *Same.*—As a contract a bill of lading must be construed according to its terms, and in the absence of fraud or mistake, it is presumed that all oral negotiations respecting its terms and conditions are merged into it; that it forms the sole and final receptacle of the evidence and agreement between the parties as to a reception of freight, rate, route, etc.

7. *Same.*—Where an action was by a shipper against a carrier for the delivery of goods in a damaged condition, and there was evidence that the damages was caused by the negligence of the initial carrier in reloading the goods into a car of the terminal carrier, it was not incompetent for the plaintiff to testify that the agent of the initial carrier agreed with her that the goods should not be reloaded but should be shipped on through in the same car, the bill of lading being silent in this respect, and hence, the evidence was not a modification of the contract of shipment.

(Mayfield and Evans, JJ., dissent.)

[Alabama Great Southern Railway Co. v. Norris.]

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by G. C. Norris against the Alabama Great Southern Railway Company for delay in the delivery of goods, and for delivery in a damaged condition. Judgment for plaintiff and defendant appeals. Affirmed.

A. G. & E. D. SMITH, for appellant. The counts were ex delicto and not ex contractu.—*W. U. T. Co. v. Krichbaum*, 132 Ala. 535; *Wilkerson v. Mosely*, 18 Ala. 388; *Beavers v. Hardy & Co.*, 48 Ala. 95; *Mobile L. I. Co. v. Randle*, 74 Ala. 170; *Wylder v. M. & P. Nat. Bank*, 64 Ala. 1; *Sharpe v. Nat. Bank*, 87 Ala. 644; *Capital C. W. W. Co. v. City Council*, 92 Ala. 366; *N. C. & St. L. Ry. Co. v. Parker*, 123 Ala. 683; *W. U. T. Co. v. Waters*, 139 Ala. 652. The court erred in admitting evidence as to alleged prior agreements to ship through without unloading the car.—*Tallassee F. M. Co. v. Western Ry.*, 128 Ala. 167; *McTyer v. Steele*, 26 Ala. 487; 6 Cyc. 420. The law does not permit the engrafting of a parol stipulation or agreement upon a contract complete or absolute on its face.—*Couch v. Woodruff*, 63 Ala. 466; *Hargrave v. Melbourne*, 86 Ala. 270; *Shelby v. Hardy*, 84 Ala. 227; *Drennan v. Satterfield*, 119 Ala. 84.

HENRY A. JONES, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This was an action by appellee, a shipper of freight, against the appellant, a common carrier of goods, to recover damages for failure to deliver, and for delivering in a damaged condition, a lot of household goods shipped from Ensley, Ala., to Kel-

lermann, Ala. The appellant was the initial carrier who undertook the contract of shipment, carried the goods from Ensley to Tuscaloosa, and there delivered them to the Mobile & Ohio Railroad Company, another common carrier; which latter company delivered the goods to the shipper, who was the owner and consignee as well as consignor. The goods were in good condition when received by the initial carrier, and were damaged when delivered by the delivering carrier at Kellermann, their destination. As to this the evidence may be said to be without dispute.

The goods were transferred from the car of the initial carrier, at Tuscaloosa, to that of the delivering carrier, by the agents of the initial carrier, thus being reloaded by it at Tuscaloosa. The real contest in the case was whether the goods were properly or negligently reloaded by defendant at Tuscaloosa, and whether the injury to the goods proximately resulted from the manner of this reloading. We do not say that this was the only disputed issue, but that it was clearly the main one. The bill of lading contained the usual clause or stipulation limiting the liability of each connecting carrier to damages for injury, loss, etc., "occurring on its portion of the route."

The complaint contained 16 counts, to each of which many pleas were interposed, and to many of which special replications were interposed. Demurrers were interposed to each and all of the various counts, pleas, and replications, sometimes jointly, sometimes severally, and sometimes both ways, respectively.

The first 10 counts of the complaint were treated by the parties and by the trial court as counts in assumpsit, and ex contractu.

The last 6 counts—11, 12, 13, 14, 15, and 16—as originally filed, were evidently considered by the trial

court as counts in case, and ex delicto; and this is borne out by the sustaining of defendant's demurrers to these counts, because of misjoinder.

The plaintiff then amended each of these counts by adding, after the wrong complained of, the phrase, "in breach of defendant's contract with the plaintiff."

To this complaint as thus amended the defendant again interposed its demurrers, which were overruled. This, in the opinion of the writer, was error under our decisions and under our statutes as they existed at the time of this trial. These 6 counts as amended were in case—as much so as before they were amended. The gravamen of each was negligence, and it was not transformed into a count in assumpsit by the allegation that these negligent acts were in breach of a contract. While the definition of "assumpsit" and "case," or, rather (more accurately speaking), the distinction between the two actions, is that the one is a breach of a contract, and the other a breach of a duty growing out of a contract, expressed or implied, yet a count cannot be changed from one to the other, by adding that the acts complained of were in breach of a contract, or in breach of a duty growing out of the contract. This is a mere conclusion of the pleader; whether the facts averred constitute the one or the other is a conclusion of law to be determined by the court from the facts well pleaded. To say that the facts averred were in breach of a contract, or in breach of a duty growing out of the contract, is no more than to say that "this count is in assumpsit," or "this count is in case." Thus denominating the one or the other does not really make it so, if in fact and in law it is not so. Whether it is the one or the other depends upon the facts averred, and not upon the conclusion of the pleader—what he calls or denominates it. If the count in question is, without the alle-

gation, one in assumpsit, for the pleader to say this is in case would not make it so.

The court, therefore, in the opinion of the writer, erred in overruling the demurrers to these counts as amended. But the majority of this court are of the opinion that the demurrers were properly overruled; that there was no misjoinder; that all the counts were in assumpsit.

A bill of lading is of a dual character and effect; one is that of a receipt, and the other, that of a contract. As a receipt, like other receipts, it is open to explanation or modification by parol evidence; as a contract it like other contracts must be construed according to its terms, and in the absence of fraud or mistake it is presumed that all oral negotiations respecting its terms and conditions are merged therein—that it forms the final and sole receptacle of the evidence, and of the agreement between the parties, as to the reception, rate, route, etc.—*L. & N. R. R. Co. v. Fulgham*, 91 Ala. 555, 8 South. 803; *McTyer v. Steele*, 26 Ala. 487; *Wayland v. Mosely*, 5 Ala. 430, 39 Am. Dec. 335; *Tallassee, etc., Co. v. Western Ry. Co.*, 128 Ala. 167, 29 South. 203.

A contract of shipment need not be in writing—it can as well be oral—but if it is in writing the same law and the same rules of construction and proof apply to it as to other written contracts. And although a bill of lading is issued by the carrier, it may of course be shown that this was not the contract of shipment, but that the shipment was under another and different contract, whether oral or in writing.—Authorities supra; Elliott on Railroads, § 1415 et seq.

The writer is of the opinion that the evidence of the plaintiff that the agent of the defendant agreed with her that the goods should not be reloaded, but should be shipped on through in the same car, and that the best way to make the shipment was to charter a car, where-

upon the goods would be shipped clear through in that car, etc., was in violation of this rule and law of evidence; that it was clearly an attempt to modify the terms of the written contract—to insert therein conditions not originally therein contained, and to counteract some of the conditions that were expressed in the contract; and that the trial court should not have allowed this evidence. The majority of the court, however, are of the opinion that this evidence was not in violation of the rules of law and of evidence above announced, and that it was not error to admit it, for the reason that the bill of lading was silent as to the manner of loading and reloading, and as to whether the shipment was to be by carload lot or otherwise.

We have examined all the other assignments of error insisted upon, and therein find no ground of error.

It results that the judgment of the county court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD and EVANS, JJ., dissent.