### KENT v. CENTRAL OF GEORGIA RAILWAY COMPANY.

EVANS, P. J.   1.   Where complaint is made in a motion for a new trial that a named witness for the plaintiff was not permitted to testify to certain facts, and in the brief of evidence it appears that the witness did testify to such facts, and both the motion for a new trial and the brief of evidence are duly approved by the presiding judge, this court can not hold that the brief of evidence is incorrect, but must reconcile the two statements on the theory, that, while at one time the court made the ruling stated in the motion for a new trial, at some stage of the examination the testimony was admitted. Under such facts the ruling will not require a new trial, even if the evidence was admissible. *Roberts* v. *Tift*, 136 *Ga.* 901, 906 (72 S. E. 234); *Woods* v. *State*, 137 *Ga.* 85 (72 S. E. 908).

2. The general rule is that a witness can not testify to matters derived from memoranda made by others, and of which he has no independent knowledge.   Yet, inasmuch as the matters touching which the witness testified appear from other uncontradicted evidence, the error of allowing such testimony in this case is harmless.

3. Where a shipper tenders to a carrier live stock for transportation, and voluntarily enters into a written contract with the carrier that in consideration of the reduced rate of freight he assents to certain stipulations therein contained, and where it is not contended that any fraud was perpetrated by the carrier's agent in procuring the contract, it is not error to repel testimony by the shipper that at the time of the shipment nothing was said about rates.

4. A shipper of live stock entered into a special contract with the carrier, and, in consideration of a reduced freight rate, agreed: that he had examined and found in good order and condition the car provided for the transportation of his live stock; that he accepted the same, and agreed that as thus provided it was suitable and sufficient for said purposes; that in case of delays of trains from any cause he was to feed, water, and take proper care of the stock at his own expense; and that the carrier was not bound to carry the stock by any particular train or in time for any particular market, or otherwise than with as reasonable dispatch as its general business would permit.   It was further agreed that, as a condition precedent to the shipper's right to recover any damages for loss or injury to the stock, the owner or person in charge of the stock should give notice in writing of his claim to the agent before the stock was removed from the place of delivery of the

same, and before such stock was mingled with other stock. Upon the trial of an action brought by the shipper against the carrier, for damages in the value of one of the animals, alleged to have died, and on account of injuries to others, because they were without food, exercise, or water during the period of transportation, it appeared from the evidence: that the plaintiff, before signing the contract, examined the car; that he failed to accompany the stock or make provision for their being fed, watered, and cared for; that the stock were loaded at noon, leaving about three hours after being put upon the car, arriving at a junction point at 7:30 p. m., where they remained in the car until the next afternoon, when they were transported, by the first scheduled train, to their destination, reaching there at 5:30 p. m., that the stock were transported on the first trains of the carrier scheduled between the initial point and their destination; that the trains were run on schedule time; and that no written claim, as provided in the contract, was presented to the carrier. *Held*, that it was not error to direct a verdict for the defendant. *Williams* v. *Central of Georgia Railway Co.,* 117 *Ga.* 830 (43 S. E. 980) ; *Central of Georgia Railway Co.* v. *James,* 117 *Ga.* 832 (45 S. E. 223) ; *Ragsdale* v. *Southern Railway Co.,* 119 *Ga.* 627 (46 S. E. 832) ; *Gilleland* v. *L. & N. R. Co.,* 119 *Ga.* 789 (47 S. E. 336) ; *Southern Railway Co.* v. *Tollerson,* 135 *Ga.* 74 (68 S. E. 798).

5. Inasmuch as the plaintiff is not entitled to recover, it is immaterial to inquire whether, under the testimony, the value of the horses as contained in the contract of shipment was arbitrary, or was fixed in a bona fide attempt to agree on a specific valuation.

*Judgment affirmed. All the Justices concur.*
AUGUST 10, 1915.

Action for damages.    Before Judge Littlejohn.    Macon superior court.    July 10, 1914.

*Lawton Nalley* and *Thomas E. Scott,* for plaintiff.
*E. A. Hawkins* and *Jule Felton,* for defendant.