**DAVIS, Agent, v. MORRIS.   (No. 660–4170.)**

(Commission of Appeals of Texas, Section A. May 20, 1925.)

**1. Appeal and error ⬳1172(2)—Reversal of whole case in action for injuries to cattle in transit for failure to submit issue of ownership held necessary.**

In action for damages to cattle in transit, where plaintiff alleged ownership, either personally or as administrator of community estate, and evidence showed others not made parties owned interests, failure to submit question of ownership, after matter had been brought to court's attention by requested erroneous instruction, was error, and necessitates reversal for new trial of whole case, rule 62a being inapplicable where judgment is not divisible.

**2. Appeal and error ⬳750(1)—Court of Civil Appeals' action in remanding cause for trial of particular issue only held properly raised by assignment of error.**

Where Court of Civil Appeals reversed judgment and remanded cause, with direction to try issue of ownership of cattle only, and to render judgment for plaintiff as his interest might appear, defendant's assignment, on writ of error to Supreme Court, that Court of Civil Appeals had erred in not directing trial court to render judgment for defendant, unless evidence showed plaintiff to be sole owner, *held* to raise for review correctness of Court of Civil Appeals' ruling remanding cause for trial of one issue only.

**3. Judgment ⬳256(7)—In suit for damages for injury to cattle in transit, interest not recoverable when no issue submitted to jury.**

In suit for damages for injury to cattle in transit, interest is not recoverable from date of injury, when no question of interest was submitted to jury by special issues submitted.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. P. Morris against James C. Davis, Agent. To review judgment of Court of Civil Appeals (257 S. W. 328), reversing judgment for plaintiff for new trial on one issue only, defendant brings error. Reversed and remanded.

O. B. Wigley, Terry, Covin & Mills, all of Galveston, and Snodgrass, Dibrell & Snodgrass, of Coleman, for plaintiff in error.

Critz & Woodward, of Coleman, for defendant in error.

CHAPMAN, J.   J. P. Morris brought suit in the district court of Coleman county against James C. Davis, agent for certain railroad companies, on account of injuries to a shipment of 353 head of cattle made by Morris about April 15, 1919, from Hugo, Oklahoma, to Coleman, Texas. Morris alleged that he was the owner of the cattle, but upon trial it was disclosed that other parties owned an interest in them, and by trial amendment Morris alleged that he was administrator of the community estate of himself and his deceased wife, Martha M. Morris, and that he brought the suit for the benefit of said estate. The issues of fact were submitted to the jury upon special issues, and the jury found that 21 head of cattle, of the value of $60 each, were killed in the shipment; that 15 head were injured to the extent of $20 each, and upon this finding the trial court rendered judgment in favor of plaintiff for $1,796.60, stating that $236.60 of this amount was interest at the rate of 6 per cent. per annum from the date of the injury to the cattle to the date of the judgment. The question of interest from the date of the injury to the cattle was not submitted to the jury. The case was appealed to the Court of Civil Appeals at Austin (257 S. W. 328), and on original hearing was affirmed by that court, but on motion for rehearing was reversed and remanded on account of the failure of the court to submit to the jury the question of the ownership of the cattle by the plaintiff after the defendant had, in an erroneous charge, asked the court to submit this issue to the jury. After this action the Court of Civil Appeals, on appellee's motion for rehearing, modified their former action and remanded the cause solely for a finding as to appellee's ownership of the cattle at the time of shipment, and then on another motion for reformation of the judgment, made by the agent of the railroad companies, the question was raised for the first time as fundamental error as to the correctness of the action of the trial court in awarding the item of interest from the date of the injury to the cattle, in the absence of a finding by the jury on the item of interest, and the judgment was again reformed, instructing the trial court to eliminate the item of interest, and in doing so used this language:

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The judgment reformed should read that appellee do have and recover of appellant the sum of $1,560 as damages to his cattle, and for interest thereon at the rate of 6 per cent. from and after the date of judgment till paid."

Mandate was then issued by the Court of Civil Appeals, and the trial court construed the final action of the Court of Civil Appeals to mean that the only action that it could take was to render judgment in favor of plaintiff for $1,560, with interest from date of judgment, and appellant, agent of the railroad companies, then filed a motion to recall the mandate, and for the Court of Civil Appeals to explain the meaning of its final order above quoted. This motion was granted, and the order mentioned was corrected to read as follows, as shown by supplemental opinion by the Court of Civil Appeals, 259 S. W. 592:

"That the judgment of the trial court is reversed and the cause remanded to that court, with instructions to try the issue of the ownership of the cattle at the date this suit was filed, and to determine no other issue of fact; and, should it appear that appellee in some capacity in which he sues was the owner of said cattle on said date, to render judgment in his favor and against appellant for the sum of $1,560, together with interest thereon at the rate of 6 per cent. per annum from the 12th day of November, 1921, the date of the trial court's former judgment herein. If it should appear that appellee in some capacity in which he sues was the owner of an undivided interest in said cattle when this suit was filed, then to render judgment in his favor for his proportionate part of said $1,560, with interest thereon as aforesaid. Should it appear that appellee had no interest in said cattle at the time suit was filed in any capacity in which he sued, then to render judgment in favor of appellant."

The case is now before this court on an application for writ of error made by James C. Davis, agent, upon one assignment of error, as follows:

"The honorable Court of Civil Appeals erred in not directing the trial court to render judgment for appellant on a retrial of said cause, unless the evidence should show that appellee was the sole owner of said cattle at the time of the shipment of the same."

[1] The Court of Civil Appeals was correct in its holding that the case should be reversed and remanded on account of the failure of the trial court to submit to the jury the question of ownership after that issue had been called to the attention of the court by the defendant in an erroneous special issue. The issue was raised by the pleadings and the facts as to whether Morris was the sole owner of the cattle either individually or as community survivor. It cannot be questioned that the issue is raised by the fact that Morris, personally, was not the sole owner of the cattle. Defendant in error in his brief makes the statement that the other parties mentioned in the statement of facts as owning an interest in the cattle were the children of Morris and his deceased wife, and that therefore Morris was the sole owner of the cattle as administrator of the community estate of himself and his deceased wife; but the facts do not bear out this statement. The only proof that the parties, other than J. P. Morris, mentioned as owning an interest in the cattle were the children of Morris and his deceased wife is a release of Morris and his sureties on his bond as administrator of the community estate of himself and his deceased wife, executed on December 31, 1917, by certain parties purported to be the heirs of Martha M. Morris, deceased wife of J. P. Morris, but the parties who signed this instrument are not all the parties mentioned as owning an interest in the cattle. Under these facts, after the issue had been called to the attention of the trial court in the manner stated, it was error for the court to fail to submit an issue on the question of ownership. This question was fully discussed by us in the recent case of Railway Co. v. Combs, 268 S. W. 447, and cases are there cited sustaining this holding.

[2] The assignment above quoted, made by plaintiff in error, does not directly raise the issue of the correctness of the ruling of the Court of Civil Appeals, wherein it reformed its opinion by instructing the trial court on another trial of the case to try only the issue of the ownership of the cattle, but we think said assignment sufficiently raises the issue as to the correctness of the action of the Court of Civil Appeals on this question to warrant us in passing on such action by that court, for to sustain the assignment made by plaintiff in error would have the effect to reverse the action of the Court of Civil Appeals in reforming its judgment in the manner last above stated. We think the Court of Civil Appeals erred in instructing the trial court to determine only the issue of ownership on another trial. The judgment in this case was for a certain specified sum for damages, resulting from a breach of a contract of a shipment of cattle, and such judgment is not divisible, and any question that might be submitted to the jury on another trial, that would tend to reduce the amount of the judgment that was rendered in the former trial, would affect the judgment as a whole. Where a judgment like the one in the instant case is not divisible, and no part of the judgment can be left intact and not affected by an issue to be determined by the jury on another trial, then rule 62a, as we understand it, does not apply. Farmers' Mill & Elevator Co. v. Hodges et al. (Tex. Com. App.) 260 S. W. 166; T. & N. O. Ry. Co. v. Weems et al. (Tex. Civ. App.) 165 S. W. 1194. This holding necessarily overrules the assignment made by plaintiff in error.

[3] The Court of Civil Appeals was correct in holding that the plaintiff in the trial

court was not entitled to the item of interest as a part of the judgment under the conditions above enumerated, but the trial court should be left free to submit to the jury this issue on another trial. The question of the recalling of the mandate by the Court of Civil Appeals is not raised by plaintiff in error, and therefore is not properly before this court, and, as there will be no occasion for such action by the Court of Civil Appeals, should this case again reach that court, we can see no good reason why we should discuss that question.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding the case be affirmed, but that the action of that court in instructing the trial court to try only certain issues on another trial be reversed. It is our opinion that this case should be reversed and remanded to the trial court for another trial upon all the issues that may be made by the pleadings and facts in such trial without any limitations, and we so recommend.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court for further action in accordance with the opinion of the Commission of Appeals.