**MORRIS v. DAVIS (now MELLON) Agent.**
(No. 7195.)

Court of Civil Appeals of Texas. Austin.
Feb. 1, 1928.

Rehearing Denied Feb. 29, 1928.

1. Evidence ⊚⟹318(1)—Notation on bill of lading as to condition of cattle held inadmissible as hearsay, in absence of proof as to when or by whom it was made.

Notation on bill of lading, "cattle very, very weak, one cow crippled in left front leg," held inadmissible as hearsay in action for injuries to cattle, in absence of proof as to when or by whom it was made and how party making it obtained his knowledge of facts stated.

2. Evidence ⊚⟹407(2)—"Bills of lading" may be explained or contradicted so far as in nature of receipts rather than contracts.

"Bills of lading" are both contracts and receipts, and subject to explanation or contradiction so far as they partake merely of nature of receipts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Lading.]

3. Carriers ⊚⟹53—Part of bill of lading, relating to receipt, quality, condition, and quantity of goods, is treated as receipt, not contract.

Part of bill of lading which relates to receipt of goods and the quality, condition, and quantity thereof is treated as a receipt distinct from contract.

4. Evidence ⊚⟹413—Parol evidence is admissible to show actual condition of goods, though statements in bill of lading be prima facie evidence thereof.

Parol evidence is admissible to show actual condition of goods shipped, though statements in bill of lading as to quality, condition, etc., when received for shipment be admissible as prima facie evidence of facts stated.

5. Evidence ⊚⟹318(1)—Notation of condition of cattle on bill of lading held not contractual, and hence inadmissible as hearsay, in absence of proof of authenticity.

Notation on bill of lading as to condition of cattle shipped *held* not contractual, and hence inadmissible as hearsay, in absence of proof of its authenticity by party offering it.

6. Trial ⊚⟹215—Charge in case submitted on special issues that plaintiff must establish material allegations of petition held erroneous (Rev. St. 1925, art. 2189).

Charge that burden is on plaintiff to establish material allegations in his petition by preponderance of evidence *held* erroneous as requiring jury to determine what are material allegations, and as general charge in case submitted on special issues to ascertain whether plaintiff is entitled to recover under pleadings and proof, in violation of Rev. St. 1925, art. 2189.

On Motion for Rehearing.

7. Trial ⊚⟹280—Objection that notation on bill of lading was not shown to be act of plaintiff or any one authorized by him raised issue of want of authenticity.

Objection to admission of notation on bill of lading as to condition of cattle shipped, on ground that it was not shown to be act of plaintiff or any one authorized to act for him, raised issue of want of authenticity as ground for its exclusion.

8. Evidence ⊚⟹121(3)—Notation of cattle's condition on bill of lading held inadmissible as res gestæ.

Notation on bill of lading as to condition of cattle received for shipment *held* not admissible as part of res gestæ, in action for injuries thereto, on assumption that notation was written by carrier's agent contemporaneously with

issuance and delivery of bill, where it was not shown that original or copy of bill with notation, which was not part of shipping contract, was delivered to shipper's agent at time of issuance, nor that such extraneous matters are customarily noted on bills of lading by carrier's agent, or in whose possession original bill was.

**9. Trial ⊚⇒215—Instruction that plaintiff must establish material allegations of petition held erroneous, though not directing jury's attention to right of recovery.**

Instruction requiring plaintiff to establish material allegation of his petition by preponderance of evidence *held* erroneous, though not directing jury's attention to ultimate and final matter of plaintiff's right to recover, as no other reasonable conclusion than that plaintiff could recover if he proved material allegations of petition could be drawn by jury.

**10. Trial ⊚⇒215—Instruction that plaintiff must establish material allegations of petition held erroneous as valueless in enabling jury to answer issues submitted without instructions on burden of proof.**

Instruction requiring plaintiff to establish material allegations of petition by preponderance of evidence *held* erroneous as of no value as guide to jury in answering issues submitted without instructions on burden of proof.

**11. Trial ⊚⇒215—Charge that plaintiff must establish material allegations of petition held erroneous as imposing specific duty on jury, independently of who has burden of proving ultimate facts alleged, and not defining terms (Rev. St. 1925, art. 2189).**

Instruction, in action submitted on special issues, that burden is on plaintiff to establish material allegations of petition by preponderance of evidence, *held* erroneous as imposing specific and definite duty on jury to find what are material allegations, independently of who has burden of proving ultimate facts alleged, and not explaining or defining any term necessary to enable jury to pass on any issue submitted, in violation of Rev. St. 1925, art. 2189.

**12. Trial ⊚⇒199—Charge that plaintiff must establish material allegations of petition held erroneous as requiring jury to determine both law and fact questions.**

Charge in action submitted on special issues that burden was on plaintiff to establish material allegations of petition by preponderance of evidence *held* erroneous as requiring jury to determine both questions of law and fact.

**13. New trial ⊚⇒41 (3)—Party objecting to submission of instructions not authorized by statute is entitled to new trial, unless clearly shown that no injury or prejudice resulted.**

Every party litigant has right to have case tried in accordance with statutory provisions, and is entitled to new trial, if such right be violated over his objection by submission of instructions not authorized by statute, unless it clearly appears that no injury or prejudice resulted.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by J. P. Morris against James C. Davis, for whom Andrew W. Mellon was substituted, as Agent for the President of the United States. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Critz & Woodward, of Coleman, for appellant.

Terry, Cavin & Mills, of Galveston, and Lewis Jeffrey, of McMahon, and J. B. Dibrell, Jr., of Coleman, for appellee.

BLAIR, J. Opinions on several former appeals stating fully the nature of this suit are reported in (Tex. Civ. App.) 257 S. W. 328; (Tex. Civ. App.) 259 S. W. 592; (Tex. Com. App.) 272 S. W. ·1103, and (Tex. Civ. App.) 292 S. W. 574, and suffice it to here state that the suit is one to recover damages for injuries to a shipment of cattle from Hugo, Okl., to Coleman, Tex., during the period of federal control of railroads, and that a trial to a jury resulted in a verdict and judgment in favor of appellee, the director general of railroads.

By his appeal appellant presents two assignments or two propositions of error, which must be sustained and which require a reversal of the judgment. They are as follows:

[1] 1. Across the face of the printed bill of lading issued to G. B. McCanless, and covering a portion of the shipment of cattle in suit, was a written notation, "Cattle very, very weak one cow crippled in left front leg." The railroad company signed the bill of lading by its agent and McCanless signed it as "shipper." The proof showed McCanless to be in the employ of appellant as caretaker of the cattle and that he accompanied the shipment in that capacity. The notation is admitted not to be in the handwriting of McCanless. There was no proof as to when it was made or by whom made, and of course it was not shown from what source or how the party making the notation obtained his knowledge of the ·facts stated. The notation was introduced in evidence over appellant's objection that it was hearsay and not shown to have been made by appellant or any person acting for him.

There was a sharp conflict in the evidence on the issue raised by the pleadings and submitted to the jury as to whether the cattle were in good physical condition at the time they were received for shipment. The bill of exception also shows that after the jury had deliberated more than 24 hours without reaching a verdict they sent for this bill of lading and within 2 hours thereafter found that the injuries to the cattle were not the result of any negligence on the part of appellee. So it is clear that the evidence related

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to a very material issue in the case, and we think it was erroneously admitted, it being hearsay under the facts and circumstances above detailed. Lancaster v. Rogers & Adams (Tex. Civ. App.) 235 S. W. 646; Patterson v. Ry. Co. (Tex. Civ. App.) 126 S. W. 336.

[2] The authority, 22 C. J. 1109, announces the following uniform rule as to bills of lading:

"Bills of lading are instruments of a twofold character, being at once contracts and receipts. In so far as they partake merely of the nature of receipts, they are subject to explanation or contradiction."

[3-5] The authorities are also in accord that the part of the bill of lading which "relates to the receipt of the goods, their quality, condition, and quantity, is treated as a receipt, as distinct from the contract." Meyer v. Peck, 28 N. Y. 590; Ellis v. Willard, 9 N. Y. 529; Alabama G. S. Ry. Co. v. Norris, 167 Ala. 311, 52 So. 891; Kent v. Central of Georgia R. Co., 144 Ga. 7, 85 S. E. 1017. The writings in the blank space left in a bill of lading for the purpose of inserting information with reference to the quality, condition, etc., of goods when received for shipment, are according to the following authorities admissible as prima facie evidence of the facts stated, but parol evidence is admissible to show the actual condition of the goods. Bissel v. Price, 16 Ill. 408; Kimball v. Brander, 6 La. 711; Warden v. Greer, 6 Watts (Pa.) 424. But a different case is presented here. The notation here is simply a writing across and over the face of the printed matter of the bill of lading. There is no proof as to who did the writing, except it is admitted not to have been written by appellant's agent who signed the bill of lading. Nor was it shown when the notation was made—that is, whether before or after appellant's agent signed the bill of lading. The notation is not contractual in any respect, and is separate and distinct from the contract, and, as above shown, there was no proof whatever as to its authenticity. In the case of Lancaster v. Rogers & Adams, the Court of Civil Appeals at El Paso held that a notation on a bill of lading, "Stock all in bad shape, none killed," was erroneously admitted "because there was no proof of its authenticity." So, under the facts and circumstances of this case, the party offering the notation on the bill of lading in evidence must first prove its authenticity with respect to the matters stated; otherwise it must be regarded as hearsay and not admissible. Patterson v. Ry. Co., supra.

[6] 2. The case was submitted to the jury on special issues, and over appellant's objection the court charged the jury as follows:

"The burden of proof is upon the plaintiff to establish the material allegations in his petition by a preponderance of the evidence."

One objection to this charge was that it left the jury to determine what were the material allegations in the petition. The objection should have been sustained. There are numerous decisions by the appellate courts on this question, and they all hold that where a case is submitted on special issues, it is error to give a general charge which leaves it to the jury to find and determine whether a plaintiff has established by a preponderance of the evidence the material allegations of his petition. These decisions are based upon two grounds or reasons: First, because it is error to impose upon the jury the duty of determining what are the material allegations of the petition; and, second, that it is in effect a general charge instructing the jury to ascertain whether plaintiff is entitled to recover under the pleadings and proof, and therefore in violation of article 2189, R. S. 1925, which provides that where a case is submitted upon special issues only such succinct explanations and definitions as are necessary to make clear the issues submitted should be given. St. Louis Southwestern Ry. Co. of Texas v. Preston (Tex. Com. App.) 228 S. W. 932; Humble Oil & Refining Co. v. McLean (Tex. Com. App.) 280 S. W. 557; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 688; Houston & T. C. Ry. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890 (writ of error refused by Supreme Court); M., K. & T. Ry. Co. v. Thomason, 3 S.W.(2d) 106, opinion by this court.

Appellant urged other objections to the above charge on the burden of proof, but since it is clear that the objection discussed requires a reversal of the case, we will not discuss them. The cause will be reversed and remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

[7] On motion for rehearing appellee takes this court to task for "injecting into its opinion the issue of lack of authenticity as a ground against the admissibility in evidence of the notation on the bill of lading," contending that the sole objection to its introduction was "that said notation is hearsay and not shown to have been made by appellant or any person acting for him." The charge is wholly without ground or merit. The language of the objection, to the effect that the notation was "not shown to be the act of plaintiff or anyone authorized to act for him," necessarily and clearly raises the issue of want of authenticity.

It is contended that the authenticity rule announced in the Lancaster-Adams Case, supra, is only the minority opinion of the court. Whether so or not, it is a salutary rule, and we hold it to be the law in this case.

[8] For the first time appellee now contends the notation was admissible "as a part of the res gestae of the transaction in issuing the bill of lading. This is contended for

· upon the grounds that we must indulge appellee in the assumption that the notation was written on the bill of lading by carrier's agent contemporaneously with its issuance and delivery, because such is the custom, and that the language of the notation indicates that it was so written. But no such assumption is authorized, first, because the notation is not a part of the shipping contract, and it is not shown that either the original or a copy of the bill with notation was delivered shipper's agent at the time of issuance; and, second, because there is no proof whatsoever that these extraneous matters are customarily noted on bills of lading by carrier's agent. In fact, appellant alleged that the original bills of lading were in appellee's possession and gave notice to appellee to produce them on trial. The record does not show in whose possession the original bill introduced in evidence was, but merely shows that appellant introduced a bill of lading without introducing the notation thereon, and that later on in the trial appellee introduced the original bill with the notation thereon.

[9, 10] Appellee contends that the instruction requiring plaintiff to "establish the material allegations of his petition by a preponderance of the evidence" is distinguishable from the following instruction in the case of Wootton v. Jones, supra:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the facts which will enable him to recover,"

—and that it is also distinguishable from the instructions given in the other cases cited, supra, to the effect that a "plaintiff" must establish the material allegations of his petition to entitle him to recover; it being contended that the vice in those charges was the fact that the jury's attention was directed to the ultimate and final matter of "recovery," while the jury was not so directed in this charge. There is no merit to the contention. For what purpose would the court have the jury find that plaintiff had proved the material allegations of his petition unless it was to instruct the jury that if plaintiff had done so he would be entitled to recover? No other reasonable conclusion could be drawn by the jury. The "material allegations" relate to both allegations of fact and of law. So, in its last analysis the charge simply required the jury to find and determine what were the material allegations of plaintiff's petition, so that the jury might know the effect same would have on the rights of the parties to an ultimate recovery in the case. Then, too, the charge certainly is valueless as a guide to the jury in answering the several issues submitted, none of which carried any instructions upon the burden of proof.

[11-13] One of the prime purposes of the special issue statutes is to allow the trial court only to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such [special] issues." Rev. St. 1925, art. 2189. It is obvious that this charge, which instructed the jury to find what are the material allegations contained in plaintiff's petition, is not a charge on the burden of proof, but is one which imposes a specific and definite duty upon the jury independent of who has the burden to prove the ultimate facts alleged. Nor does such charge explain or define any term necessary to enable the jury to pass upon any issue submitted. It places upon them the duty of determining both questions of law and of fact, and is certainly not permissible under the statutes. And as is said by the Commission of Appeals in Humble Oil & Refining Co. v. McLean, supra:

"Every party litigant has the right to have his case tried in accordance with such statutory provisions. If this right be violated, over his objection, by the submission of instructions not authorized by statute, injury to the objecting party is presumed; and, unless it clearly appears that no injury or prejudice results to him, or his cause, he is entitled to a new trial. Texas & N. O. Railway v. Harrington (Tex. Com. App.) 235 S. W. 188, and authorities there cited."

The criticisms urged against this court's opinion are wholly without merit, and the motion for a rehearing is overruled in all things.

Overruled.