BLACK v. WILSON. (No. 5695.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1916. On Motion for Rehearing, June 30, 1916.)

1. BROKERS ⊜57(1) — REALTY BROKER — RIGHT TO COMMISSION.

Where a party employed to sell land discovered a party who desired to purchase, and the owner sold to such party, the right to commission accrued, the agent obtaining an ultimate purchaser to whom she only gave an option to purchase, since he became a purchaser through her efforts.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. ⊜57(1).]

2. BROKERS ⊜85(7) — REALTY BROKER — ACTION FOR COMMISSION—EVIDENCE.

In an action for broker's commission, where the owner did not deny that he executed a deed

to the purchaser procured by plaintiff, and the secondary evidence was sufficient to show delivery by the fact of its record, such deed was admissible to show that the owner accepted the purchaser procured by plaintiff and delivered a deed to him.

[Ed. Note.—For other cases. see Brokers, Cent. Dig. § 112; Dec. Dig. ☞85(7).]

3. BROKERS ☞85(7)—ACTION FOR COMMISSION —EVIDENCE—MATERIALITY.

In such action, deeds which would not disprove anything testified to by the purchaser procured by plaintiff, and had no tendency to show that plaintiff was not the procuring cause of the sale, were properly excluded from evidence.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 112; Dec. Dig. ☞85(7).]

4. TRIAL ☞29(2) — CONDUCT OF COURT — REMARKS ON EXCLUDING EVIDENCE.

Remarks of the trial judge explanatory of his action in excluding immaterial deeds were not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 81; Dec. Dig. ☞29(2).]

5. BROKERS ☞53—REALTY BROKER — RIGHT TO COMMISSION.

A broker employed to procure a purchaser could recover commission against the owner, though the purchaser procured desired the land and was interested in the transaction before he was procured by the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. ☞53.]

6. BROKERS ☞85(6) — EVIDENCE — DECLARATIONS.

In an action for broker's commission, the court properly rejected statements made by the partner of the purchaser procured, which could not bind plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 111; Dec. Dig. ☞85(6).]

7. TRIAL ☞29(2)—REMARK OF COURT.

The court, in rejecting testimony of statements made by a third person, which could not bind plaintiff, was justified in asking defendant, "How in the world could any statement made to Black by other people bind this plaintiff in this case?"

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 81; Dec. Dig. ☞29(2).]

8. BROKERS ☞85(6) — EVIDENCE — COMPETENCY.

Testimony of the mere mention by plaintiff that she had been offered by a third person 5 per cent. to sell the land, and that defendant said "he would be as good as" the third person and would give the 5 per cent., was not improper.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 111; Dec. Dig. ☞85(6).]

9. APPEAL AND ERROR ☞1051(3)—HARMLESS ERROR—EVIDENCE.

In an action for broker's commission, where defendant admitted an option to the purchaser procured, the admission of secondary testimony on the subject was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4164, 4167; Dec. Dig. ☞1051(3).]

10. BROKERS ☞85(1) — EVIDENCE — COMPETENCY.

In an action for broker's commission, where plaintiff knew whether she had sold to a particular party, and whether defendant had authorized her to sell, he admitting that he had employed her to sell, she was properly allowed to testify to such facts.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106, 108, 110, 115; Dec. Dig. ☞85(1).]

11. APPEAL AND ERROR ☞1051(1)—HARMLESS ERROR—EVIDENCE.

Any error in permitting a witness to testify to facts already proved by defendant's letter was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166; Dec. Dig. ☞1051(1).]

12. BROKERS ☞49(1) — REALTY BROKER — RIGHT TO COMMISSION.

A landowner, who contracted to pay plaintiff commission if she sold, was liable therefor, though the buyer whom she procured was buying for a company.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 70; Dec. Dig. ☞49(1).]

13. TRIAL ☞252(16) — INSTRUCTION — ABSTRACTNESS.

Where there was no evidence that plaintiff was limited to three months in which to sell, defendant's request seeking to inject such an issue into the case was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 606; Dec. Dig. ☞252(16).]

14. TRIAL ☞251(1) — INSTRUCTIONS — EVIDENCE TO SUPPORT.

Pleadings without proof do not justify the submission of an issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587, 588, 594; Dec. Dig. ☞251(1).]

15. BROKERS ☞49(1) — REALTY BROKER — RIGHT TO COMMISSION.

A landowner, who agreed to pay commission if plaintiff sold his land, was liable therefor, plaintiff having procured a purchaser, though plaintiff's agency was not exclusive.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 70; Dec. Dig. ☞49(1).]

16. TRIAL ☞255(13)—INSTRUCTION—DUTY TO REQUEST.

If defendant desired a definition of "efficient and procuring cause" given the jury, he should have requested it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 639; Dec. Dig. ☞255(13).]

17. APPEAL AND ERROR ☞230—RESERVATION OF GROUNDS OF REVIEW—OBJECTION TO REMARKS OF COUNSEL.

Error cannot be predicated upon remarks of counsel not excepted to when made.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞230.]

18. TRIAL ☞132 — REMARKS OF COUNSEL — WITHDRAWAL.

Error cannot be predicated upon remarks of counsel which were withdrawn.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 315, 316; Dec. Dig. ☞132.]

Appeal from District Court, La Salle County; J. F. Mullally, Judge.

Suit by Lula Wilson against J. R. Black. From a judgment for plaintiff, defendant appeals. Affirmed.

Covey C. Thomas, of Cotulla, for appellant. John W. Willson and Fred Chadwick, both of Cotulla, for appellee.

FLY, C. J. This is a suit by appellee to recover from appellant the sum of $776.25 alleged to be due her as commissions on the sale of certain land in Florida, according to the terms of an oral contract by and between appellant and appellee. She alleged a promise to pay her 5 per cent. on the amount of the sale if the land was sold for as much as

$40, and that she sold the land for $45 an acre to James P. Martin, and a deed to the same was executed to said Martin by appellant to the land in question. It was answered by appellant that appellee, her mother, and other heirs of her deceased father, owned a one-fourth interest in 420 acres of land out of a 460-acre tract; that the land, three-fourths of which was owned by appellant, was sold through the efforts of appellant; and that appellee had nothing whatever to do with the sale, and at no time procured a purchaser ready, willing, and able to buy the land. The cause was submitted on special issues, to which the jury answered in effect that appellant promised to pay appellee a commission of 5 per cent. if she sold the land for $45 an acre; that the promise was made on condition that appellant was to be at no expense or trouble to effect a sale; that appellee was the efficient, procuring cause of the sale that was made of the 460 acres of land to James P. Martin; that appellant went to Florida and devoted about five weeks of his time to selling his part of the land, as well as to selling about 1,360 more acres in which he or a trust company was interested; that he received compensation and expenses, other than such as resulted from the sale of the 460 acres of land for his stay and labor in Florida, and such compensation was enough to reasonably repay appellant for his time, services, and expenses while engaged in selling the lands. In addition, the court found that the appellee sold three-fourths of the 460 acres of land in Florida for $45, and that the commission agreed to be paid therefor amounted to $776.25, and judgment was accordingly rendered for that sum with interest from June 16, 1913.

[1] We conclude that the responses of the jury and the findings of the court are sustained by the facts. This conclusion disposes of the first assignment of error. Appellee discovered a man who desired to purchase the land, and appellant sold the land to him, and it is immaterial whether appellee obtained a man to whom she only gave an option to purchase. He became a purchaser through her efforts. Appellant executed a deed to him, and it does not matter whether he was ready, willing, and able to buy the land or not. That question only becomes important when the trade is not consummated, and can be of no importance whatever when the landowner actually sells to the man procured by the broker. Appellant cannot be heard to depreciate the financial responsibility of the man to whom he sold his land, or to call in question his readiness and willingness to buy.

[2] The second assignment of error is overruled. The copy of the deed from appellant to Martin was not introduced to prove title, but merely to show that appellant accepted the purchaser procured by appellee and delivered a deed to him. Appellant did not deny the execution of a deed to Martin, and the secondary evidence was sufficient to show delivery by the fact of its record. Hall v. Southland Ass'n, 53 Tex. Civ. App. 592, 116 S. W. 831. Appellant seeks to apply rules laid down in actions of trespass to try title to this case.

[3, 4] The two deeds from James P. Martin to appellant were not pertinent or material to any issue in the case and were properly rejected. The deeds would not have disproved anything testified to by Martin and had no tendency whatever to show that appellee was not the procuring cause of the sale to Martin. The remarks of the court, when he refused to admit the deeds, were merely explanatory of his action and could not have had any effect on the jury. The court did not assume proof of any fact.

However anxious appellee may have been to sell hers and her mother's interest in the land, that would not prevent her recovery of a commission for the sale of appellant's interest, under his contract with her.

[5] The evidence, the rejection of which is complained of in the sixth assignment of error, was immaterial and had no bearing on the case. No matter how much Martin may have desired the land before he was procured as a purchaser by appellee, still she would be entitled to her pay for leading him to appellant. It would be a singular doctrine that a land agent could not recover his commission if the purchaser had been interested in and desired to purchase the land before the agent induced him to enter into a trade with the landowner. In spite of his interest in and desire to purchase the land, if appellee was the procuring cause of the sale of the land, she should recover. The remark of the court, that the letter written by appellee to J. S. Taylor had absolutely nothing to do with the case, was correct, and could not have injured appellant.

[6, 7] The court properly rejected the statements made by S. Booth to appellant. His statements could not bind appellee, though he had been James P. Martin himself, instead of being, as claimed, a partner of Martin. This disposes of the eighth and ninth assignments of error. We think the court was justified in asking appellant: "How in the world could any statement made to Black by other people bind this plaintiff in this case?" The remark could not have affected the case of appellant with the jury.

[8] The mere mention by appellee that she had been offered by Taylor 5 per cent. to sell the land, and that appellant said "he would be as good as Mr. Taylor" and would give the 5 per cent., was not at all improper, and the court rightly overruled the objection to it. How could that statement about Taylor have possibly injured appellant?

[9] There was no question about the option to Martin, appellant admitted it, and it is inconceivable how secondary or any other kind of testimony on the subject could have

injured appellant. The eleventh and fourteenth assignments of error are overruled.

[10] Appellee knew if she had sold the land to Martin, and she knew whether appellant had authorized her to sell the land, and was properly allowed to testify to those facts. The authorities cited have no bearing on the matter. Appellant admitted employing appellee to sell the land.

[11] A letter from appellant to appellee was introduced in evidence which authorized the latter to sell the land, and stating that whatever she did would be satisfactory, and it is utterly immaterial that Verdi Wilson was allowed to testify to those facts. They were already proven by the letter of appellant. Nor does the statement that he wrote, after he had received the service, that he did not owe appellee and would not pay it, affect the case. He is still in that state of mind.

There is no merit in the sixteenth assignment of error. The evidence complained of is not open to the objections urged against it. The jury allowed 5 per cent. on the amount of the sale, and not $5 per acre, and testimony on that subject could not have injured appellant.

[12] That the sale was made was beyond discussion or dispute, and the court could assume that fact. The eighteenth assignment of error is overruled. It would be unreasonable to hold that because Martin, to whom the land was contracted by appellee, was buying for a company, appellee should not receive pay for her services. Payment of a just debt cannot legally be evaded on such an untenable technicality.

The jury in effect found that appellant incurred no trouble or expense in making the sale of his interest in the 460 acres of land. They found that he was fully remunerated for his time and expenses. The nineteenth assignment is overruled. The trade was in reality consummated before appellant went to Florida.

[13,14] There was no evidence that appellee was limited to three months, and it would have been error to have given the instruction asked by appellant which sought to inject such an issue into the case. Pleadings without proof do not justify the submission of an issue. This disposes of the twentieth, twenty-first, and twenty-third assignments of error, and the twenty-second, which seek to interpolate the question as to whether the land was sold to Martin or the Old Dominion Trust Company, which has been disposed of under another assignment of error. Martin was the ostensible purchaser, and it does not matter for whom he bought the land. The jury found that the land was sold to Martin.

[15] It was utterly immaterial, under the facts, whether appellee had an exclusive agency or not. She sold the land to Martin and earned the commission even if there had been a hundred other agents. The evidence raised no such issue, and the court very properly refused to charge upon it.

[16] If appellant wanted a definition given of "efficient and procuring cause," he should have requested it, although we are of the opinion that the jury showed by their answer that they fully understood the meaning of the words.

The twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth assignments of error complain of the action of the court in submitting the issues it did to the jury. These issues have been fully considered and held proper and pertinent, the answers thereto forming a sound basis for the judgment.

[17,18] The remarks of counsel, complained of in the thirty-first and thirty-second assignments of error, were mild and inoffensive and could not have had any tendency to inflame the minds of the jury. The remarks complained of in the thirty-first assignment of error were not excepted to when made, and those assailed in the thirty-second assignment of error were withdrawn. The assignments are overruled.

The matters sought to be raised in the thirty-third and thirty-fourth assignments of error have been fully considered in passing upon other assignments and they are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

The facts fail to show that the trip to Florida by appellant was necessary in order to close the trade with Martin; but in a letter, written by appellant to appellee, he stated, regardless of the sale to Martin, that he intended to go to Florida. That letter clearly indicated that appellant desired to visit Florida, in order to make other land trades, and that he intended to spend quite a time there "to look things over well and try and make some money down there." He could have signed the option to Martin at his home in Texas, but when it was sent to him he failed to sign it and went to Florida. If he incurred any expense or trouble in going to Florida, it was voluntary on his part, and he cannot escape his debt to appellee on that ground. He went to Florida and raised the price on the land $5 an acre on the plea to Martin that he wanted to give appellee $5 an acre for her labor, and if there was any trouble it was caused by appellant. The evidence fails to show that appellant was put to any trouble or incurred any expense to close the trade with Martin. Appellant went to Florida, not to close a trade with Martin, but to consummate other and larger sales.

The motion for rehearing is overruled.