### DAVIS, Agent, v. MORRIS.    (No. 6573.)

(Court of Civil Appeals of Texas. Austin. March 28, 1923. On Motion for Rehearing, June 27, 1923. On Appellee's Motion for Rehearing, Oct. 10, 1923. On Appellant's Second Motion for Rehearing, etc., Nov. 7, 1923.)

**1. Appeal and error ⊜⟶742(1)—Propositions in brief must specify things done or omitted, not general principles.**

The appellate court will not consider propositions in appellant's brief merely stating abstract principles and not complaining of anything done or omitted.

**2. Trial ⊜⟶352(5)—Special issue requiring answers to immaterial as well as material issues properly refused.**

In an action for damages to cattle from negligence in transit, where plaintiff alleged ownership either personally or as administrator of community property of self and deceased wife and defendant claimed the ownership was in a partnership, the other members of which should be made parties plaintiff, a requested special issue to determine plaintiff's interest at time of shipment, at commencement of suit, and at time of trial, was erroneous, as plaintiff's

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

interest at commencement of suit and time of trial was immaterial.

## On Motion for Rehearing.

3. Trial ⊖⃥351(2)—Defective special issue as to ownership of cattle damaged in transit must be corrected and given.

In an action for damages to cattle in transit on defendant's railroad where the evidence of ownership of the cattle is conflicting, an instruction requiring submission of the point, though containing immaterial questions, should be corrected and given or the point covered by other instructions; the statute authorizing a presumption that the court found the issue in support of the judgment where no request is made not applying.

## On Appellee's Motion for Rehearing.

4. Appeal and error ⊖⃥1178(6)—Case remanded for new trial for one issue should be affirmed as to issues properly decided.

Where, on appeal by a railroad from a judgment for damages to shipment of cattle, the case must be reversed and remanded for a new trial solely for failure to properly submit the question of plaintiff's ownership of the cattle at the time of shipment, the properly decided issues as to damages, liability, etc., should be affirmed, and, instead of remanding generally, the case should be remanded for a finding only as to ownership.

## On Appellant's Second Motion for Rehearing and for Reformation of Judgment.

5. Appeal and error ⊖⃥832(2)—Judgment reciting allowance of interest as damages, where jury found damages specially, but not interest, held "fundamental error," reviewable on rehearing, though question not previously raised.

"Fundamental error," being one apparent on the face of the record, is shown where judgment recites that interest is allowed as damages in a suit for recovery of damages for injury to live stock received in shipment, in the absence of a finding of the jury awarding such interest as part of the damages, since their verdict constitutes the sole basis for the judgment, and the question is reviewable on a second motion for rehearing, though not previously raised.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

6. Damages ⊖⃥69—Interest not recoverable as such in suit for damages to live stock shipment.

In suits for damages for injuries to live stock, received in shipment, interest is not recoverable as interest, but as damages.

7. Judgment ⊖⃥256(1)—Verdict sole basis, where issues of fact are submitted to jury.

Where the issues of fact in a case are submitted, the verdict constitutes the sole basis for judgment.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by J. P. Morris against James C. Davis, Agent. Judgment for plaintiff, and defendant appeals. Affirmed in part, reversed in part, and remanded with directions.

Snodgrass, & Dibrell, of Coleman, and Terry, Cavin & Mills and O. B. Wigley, all of Galveston, for appellant.

Critz & Woodward, of Coleman, for appellee.

KEY, C. J. We quote as follows from appellee's brief:

"Plaintiff's suit, as stated in his first amended original petition, was by J. P. Morris, plaintiff, against James C. Davis, Agent, designated by the President, to recover for damages occasioned to cattle and for cattle killed, shipped from Hugo, Okl., to Fort Worth, Tex., on or about April 15, 1922, in two shipments, one in the name of Bob Foster, and the other in the name of Geo. B. McCanless, employees of plaintiff, to Fort Worth, Tex.; it being alleged that said cattle were delivered at Fort Worth 29 killed and seriously injured, as alleged in said petition, and that the remaining 324 head were afterwards reshipped from Fort Worth to Brownwood on April 19, 1919, in the name of said G. B. McCanless, consignor, consigned to J. P. Morris, consignee, and that 1 head of said cattle was killed between Fort Worth and Brownwood, and that said cattle were consigned from Brownwood to Coleman, consigned to J. P. Morris, consignee, and were delivered at Coleman April 21, 1919. Plaintiff alleged the following injuries and damages to said cattle while in the hands of the government, and of Walker D. Hines, Director General, to wit:

"14 killed before delivery at Fort Worth to the consignee, Campbell & Rosson Commission Company, of the value of $75 each;

"15 damaged before delivery at Fort Worth in the sum of $40 each;

"1 killed between Fort Worth and Brownwood of the value of $75; and

"6 delivered at Coleman in such damaged condition that they afterwards died of such injuries, each of the value of $75.

"In plaintiff's trial amendment filed on the date of the trial and on the date of the filing of defendant's amended answer, plaintiff alleged that at the time of the matters and facts alleged in plaintiff's petition, and before and ever since said time, plaintiff was and still is the administrator of the community estate of himself and his deceased wife, Martha M. Morris, duly appointed as such by the county court of Coleman county, Tex., and as such community administrator owned and controlled the cattle in controversy, and brings this suit for the benefit of said estate.

"Defendant filed no sworn pleadings and did not deny the allegations in said trial amendment under oath or otherwise, but answered by a general exception, general denial, and special plea, that the cattle were injured by reason of their starved and weakened condition.

"Plaintiff answered by first supplemental petition to defendant's said answer, consisting of exception to paragraph 5 thereof and general denial of the allegations therein contained."

The case was submitted to a jury upon special issues, which, with the answers of the jury thereto, read as follows:

"(1) Were any of the cattle in question killed en' route, between Hugo and Coleman, or injured in such way that they died as the result of such injuries, as alleged in plaintiff's petition? Answer this question yes or no." Answer: "Yes."

"(2) How many of the cattle were killed or injured in such way as to die from result of such injuries?" Answer: "21."

"If you have answered question No. 1, 'Yes,' then you will answer the following question:

"(3) Was the death of such cattle and the injuries causing such death, if any, the result of the negligence of the said Walker D. Hines, Director General, or his agents and servants? Answer this question yes or no." Answer: "Yes."

"If you have answered question No. 3 in the negative, then you need not answer the following question:

"If you have answered the foregoing questions 1 and 2, 'Yes,' then you will answer the following question:

"(4) What would have been the reasonable market value at Coleman, Tex., at the time of arrival of the shipment in controversy of said cattle so killed or injured, if any, if same had been delivered alive and uninjured by any negligence of said carrier?" Answer: "$60 per head."

"(5) Were any of said cattle, other than those referred to in interrogatory No. 1, injured while en route between Hugo and Coleman by the negligence, if any, of the said Walker D. Hines, Director General, or his agents and servants, as alleged in plaintiff's petition? Answer this question yes or no." Answer: "Yes."

"If you answer the above question 'No,' then you need not answer any of the other questions herein propounded, but if you answer the foregoing question, 'Yes,' then you will answer the following question:

"(6) What was the difference in the market value at Coleman, Tex., of said cattle so injured in the condition in which they were delivered and the condition in which they should have been delivered; in answering this question you will answer with reference to all cattle so injured, if any injured, whether they were delivered at Fort Worth, or elsewhere?" Answer: "$300 on injured cattle, being $20 per head on 15 head of cattle."

"Special issue No. 1 requested by defendant: Did Walker D. Hines, Director General, through his employees or agents, exercise ordinary care in the handling of the shipment in controversy in course of transportation from Hugo, Okl., to Fort Worth, Tex.?" Answer: "No."

"Special issue No. 2 requested by defendant: Did Walker D. Hines, Director General, through his agents and employees, exercise ordinary care in the handling of the shipment in controversy in course of transportation from Fort Worth, Tex., to Brownwood, Tex.?" Answer: "Yes."

"Special issue No. 3 requested by defendant: Did Walker D. Hines, Director General, through his agents or employees, exercise ordinary care in the handling of the shipment in

controversy in course of transportation from Brownwood, Tex., to Coleman, Tex.?" Answer: "Yes."

"Special issue No. 8 requested by defendant: Was the loss and injury to the shipment of cattle in controversy proximately the result of the weak condition of the cattle at the time of shipment?" Answer: "No."

The court also gave a special charge requested by the defendant, defining the term "negligence." Upon the answers of the jury, the court rendered judgment for the plaintiff for $1,796.60; and the defendant has appealed.

### Opinion.

Appellant's brief contains 50 printed pages and cites 31 decisions. Appellee's brief contains 31 typewritten pages, and cites about 50 cases and several statutes and text-books. It is needless to say that if this court were to take the time to carefully read all the authorities cited, other business of equal importance would have to be neglected, or a decision in this case delayed for many months. However, we have not found it necessary to pursue that course, because while appellant's brief contains 21 propositions upon which the appeal is predicated, none of them presents any new or difficult question; and therefore, in this opinion, but few of them will be discussed. In fact, some of them do not comply with the rule of the Supreme Court which requires an appellant to set forth, in the first part of his brief, propositions containing the grounds upon which he relies for a reversal. This rule does not authorize the submission of abstract propositions of law, but signifies that the appellant shall specify something that was done or left undone which justifies a reversal of the case.

[1] The second, third, fourth, fourteenth, and fifteenth propositions in appellant's brief are merely abstract and do not complain of anything done or omitted in the trial court; and therefore they will not be considered. Several of the other assignments complain of the action of the court in admitting or excluding testimony; and while they have been given due consideration, our conclusion is that no error was committed in that respect.

[2] The sixteenth assignment presents the contention that regardless of the administration proceedings formerly had on the estate of Martha M. Morris, the other members of the firm of J. P. Morris Land, Cattle & Loan Company were necessary parties to the suit. Appellant did not ask to have the case postponed, and the parties referred to made parties to the suit; and the only instruction requested by him relating to the ownership of property was designated "Defendant's Special Issue No. 6," and reads as follows:

"What interest did J. P. Morris own in the shipment of cattle in controversy at the time of the shipment, and at the time of the insti-

tution of suit, and what interest does he own at the present time?"

That charge was properly refused because it would have required the jury to make three answers: One, as to what interest the plaintiff owned in the shipment of cattle at the time of the shipment; another, what interest he owned at the time of the institution of the suit; and a third, what interest he owned at the time of the trial. The two last questions were immaterial, and therefore the charge was properly refused.

According to the plaintiff's testimony, the cattle belonged either to him or to the community estate of himself and his deceased wife; and the alleged firm of Morris Land, Cattle & Loan Company was a fiction, and was not in existence at the time of the shipment in controversy. It may be conceded that there was testimony to the contrary tending to show that such partnership existed, and that the cattle did not belong entirely either to the plaintiff or to himself and the estate of his deceased wife; but as the charge referred to was properly refused and appellant did not ask a correct charge submitting to the jury the question of the ownership of the cattle at the time of the shipment in question, and as there was testimony tending to support the judgment rendered by the court under the statute, it will be presumed that the trial court made a finding in support of the judgment.

Some other questions are presented in appellant's brief, and have been duly considered, but as, in our opinion, they point out no error, they are decided against appellant; and the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Reconsideration of this case, upon appellant's motion for rehearing, has caused this court to reach the conclusion that we committed error in overruling the sixteenth assignment of error.

The defendant filed a general denial which put in issue the plaintiff's ownership of the cattle; and therefore, if the proof showed that they belonged to himself and others, he was not entitled to recover for the full amount of the injury they may have sustained. Upon that subject, the evidence was in conflict, and while appellant asked a special charge relating thereto, for reasons stated in our original opinion, that charge was properly refused. In our former opinion we held that, inasmuch as appellant had not asked a correct charge on the question of ownership, and as there was testimony tending to show that the plaintiff was entire owner of the property, we presumed that the trial court made a finding to that effect. We are now satisfied that we fell into error in that holding.

[3] It has been decided by several of the appellate courts of this state that, when a case is submitted on special issues, and an incorrect charge is sufficient to call the attention of the court to the question sought to have submitted to the jury, the provision of the statute declaring that when there is testimony tending to justify a finding in support of the judgment, and where that issue has not been submitted, nor its submission requested by either of the parties, it will be presumed that the court made a finding thereon in support of the judgment, does not apply; and that the case should be reversed because of the failure of the court to give a proper charge upon that subject. The cases referred to are: West Lumber Co. v. Hunt (Tex. Civ. App.) 219 S. W. 1106; Roberts v. Houston Motor Car Co. (Tex. Civ. App.) 188 S. W. 259; Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 815; Tex. Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Christian v. Dunavent (Tex. Civ. App.) 232 S. W. 875; Philpot v. Edge (Tex. Civ. App.) 224 S. W. 263. Some of the cases cited are directly in point, and we quote as follows from the opinion in Brady v. McCuistion, supra:

"Assignments 1, 2, 3, 4, 6, and 7 are based upon the omission of the court to submit the issue of the ten-year statute and the failure to submit to the jury the issues as requested. The appellee objects to these assignments because it is asserted it is not error to fail to submit an issue or such error that will require a review of the action of the court thereon upon appeal; that in order to require a review proper issues must have been requested; that the issues requested in this instance were not properly drawn or were defective, and otherwise were not proper. At this time we shall assume that the evidence raised the issue and called for the determination of that issue either by the court or jury. The first part of article 1985, R. C. S., makes it the duty of the court 'to submit all issues made by the pleadings.' This mandate is, however, qualified in the clause immediately following: 'But the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or writ of error, unless its submission has been requested in writing by the party complaining of the judgment.'

"This statute gives the right to the parties to have all their issues submitted to the jury, but —'it is only by written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue.' Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

"The request in writing to submit the issue to the jury is not required by the statute to embody a correct proposition of law on the issue in order to be a request for the jury to pass on the question rather than the judge. The court is notified that on the issue presented by the pleadings and evidence the party desires a finding of the jury, and not of the judge. It therefore becomes the duty of the trial court, when the request is made, to submit the issue

to the jury. Our courts in some respects have treated special issues as being controlled by the rules relative to general instructions. This court has said: 'If, however, the issue so presented were duly pleaded by the party, and the issue called attention to an affirmative defense, even though defective, as we understand the rule, it will be sufficient to require the court to submit a proper issue thereon.' * * *

"The court, having failed to submit this issue to the jury, and also having refused a written request to do so, has deprived the appellant of his statutory right if the evidence presents the issue."

The motion for rehearing is granted, and the cause reversed and remanded for another trial.

Motion granted.

### On Appellee's Motion for a Rehearing.

BLAIR, J. This case having been affirmed on the original submission, but reversed and remanded on appellant's motion for a new trial, on the sole question of the failure of the trial court to properly submit to the jury, upon request, the question of appellee's ownership of the cattle at the time of their shipment, appellee now insists that, if the case should be reversed at all, it should be for a retrial upon this sole issue.

[4] We are asked by appellee to modify our judgment reversing the judgment of the trial court and remanding it generally, so as to affirm that portion of appellee's suit relating to damages to the cattle and the amount thereof, as well as the liability of appellant therefor, which matters we held were properly disposed of by the trial court in the trial of the case, and remand the cause solely for a finding as to appellee's ownership of the cattle at the time of shipment. Under the following authorities, we are of the opinion that the request should be granted: Marshall v. City of San Antonio (Tex. Civ. App.) 63 S. W. 138; Shirley v. Railway, 78 Tex. 131, 10 S. W. 543; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; McConnell v. Wall, 67 Tex. 352, 5 S. W. 681; Id., 65 Tex. 397; Nona Mills Co. v. Jackson (Tex. Civ. App.) 159 S. W. 932; rule 62a of Courts of Civil Appeals (149 S. W. xx).

Therefore the judgment of the trial court is reversed and remanded, with instructions to try only the issue of appellee's ownership of the cattle at the date of shipment, and the judgment of the trial court as to all other issues is hereby affirmed. Appellee's motion for a rehearing is granted in part, and refused in part.

Motion granted in part, and in part refused.

### On Second Motion for Rehearing and for Reformation of Judgment.

BLAIR, J. Appellant contends, for the first time in this case, by a second motion for rehearing and to reform the judgment, that fundamental error is apparent of record, in that the trial court rendered judgment for appellee for 6 per cent. interest from the date of his cause of action until the date of judgment, in absence of a finding of the jury impaneled in said case for such damages.

[5] Appellant admits that this is the first time that he has raised the question in any manner, due to an oversight. Appellee insists that we should not consider this motion, and that we should dismiss it, on the ground that it is filed more than 30 days after the date judgment was rendered by this court, alleging that such matters had never been raised either in the trial court or in this court, and that no bill of exception or assignment of error had been addressed to such error. We are of the opinion that, if the question presents fundamental error, it is incumbent upon this court to consider such, so long as it has jurisdiction of the appeal, and that it is immaterial whether an assignment of error was made in the court below, or that one was filed in this court, if such error is apparent of record. Hollywood v. Wellhausen, 28 Tex. Civ. App. 542, 68 S. W. 329; Needham v. Cooney (Tex. Civ. App.) 173 S. W. 987; Cooper v. Hall (Tex. Civ. App.) 168 S. W. 465.

[6] It is apparent of record that the question of damages and the amount thereof was submitted to the jury; that is, a finding on special issues was submitted to them for their answer. These special issues did not submit the question of interest as damages, and the jury answered that the total damages for the cattle killed and those injured in shipment was the sum of $1,560. The trial court rendered judgment for the sum of $1,796.60, reciting therein that such amount consisted of the sum of $1,560 (the amount of damages found by the jury to the cattle), with interest thereon at the rate of 6 per cent. per annum from May 1, 1919 (the undisputed date of the injury to said cattle), to date of judgment. In this we are of the opinion that fundamental error is apparent of record. It has been held that, in suits for damages for injuries to live stock received in shipment, interest is not recoverable eo nomine; but as damages. Tex. & P. Ry. Co. v. Scott (Tex. Civ. App.) 86 S. W. 1065; Ft. W. & R. G. Ry. Co. v. Montgomery (Tex. Civ. App.) 141 S. W. 813. It has further been held that, where the question of the amount of damages in a suit for injury to live stock while being transported by a railway company is submitted to the jury, interest cannot be allowed thereon from the date of the accrual of the cause of action to the date of judgment, in absence of a finding of the jury awarding such interest as a part of the damages in such case.

[7] Where the issues of fact in a case are submitted to the jury the verdict constitutes the sole basis for the judgment. Ablowich v.

Bank, 95 Tex. 429, 67 S. W. 79, 881; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61;[1] So. Gas & Gasoline & Engine Co. v. Adams & Peters (Tex. Com. App.) 227 S. W. 945; Morriss v. Hesse (Tex. Com. App.) 231 S. W. 317. Clearly the court in this case had no authority to render judgment for interest, without having submitted such question to the jury, and it is apparent in the judgment itself that such issue was not submitted, but that the court added the amount of interest accruing between the date appellee's cause of action arose and the date of the trial to the amount of damages found by the verdict of the jury; therefore fundamental error is apparent of record, and it is incumbent upon this court to reform its judgment rendered October 10, 1923, to exclude therefrom the interest from the date of the accrual of appellee's cause of action to the date of trial. The judgment reformed should read that appellee do have and recover of appellant the sum of $1,560 as damages to his cattle and for interest thereon at the rate of 6 per cent. from and after the date of judgment till paid.

Fundamental error is one apparent on the face of the record. Fundamental error is apparent on the face of the record, where the judgment recites that interest is allowed as damages in a suit for the recovery of damages for injury to live stock received in shipment, in absence of a finding of the jury awarding such interest as a part of the damages in the case, since their verdict constitutes the sole basis for the judgment. St. L. S. W. R. Ry. Co. v. Anderson (Tex. Civ. App.) 206 S. W. 696; Carter v. Bolin (Tex. Civ. App.) 30 S. W. 1084; Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720; Commercial Credit Co. v. Wilson (Tex. Civ. App.) 219 S. W. 298; C. R. I. & G. Ry. Co. v. Howell (Tex. Civ. App.) 166 S. W. 81.

We therefore overrule the second motion for a rehearing, except in so far as it relates to the reformation of the judgment, as indicated in this opinion, which motion to reform is hereby granted, and the judgment ordered reformed, as directed herein.

Granted in part, and in part overruled.