## THOMPSON v. VAN NATTA. (No. 2552.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1925.)

**1. Appeal and error ⏴216(1)—Appellant, not requesting definition, cannot complain of court's failure to give it.**

In an action for broker's commission, defendant, not requesting special charge defining procuring cause, cannot complain of court's failure to give such charge.

**2. Trial ⏴350(1)—Both parties entitled to have theories submitted by special issues.**

In submitting a case upon special issues, both parties are entitled to have their theory of the case, and the facts constituting the cause of action, on the one hand, and matters pleaded in defense, on the other, affirmatively submitted for the determination of the jury.

**3. Brokers ⏴82(4)—Under general issue, defendant entitled to show different contract than alleged.**

In an action on contract for broker's commissions, a defendant, under general denial, may show that the contract is not that alleged by plaintiff, and that a different contract was made upon which plaintiff cannot recover.

**4. Appeal and error ⏴1062(2)—Refusal of special issues as. to different contract, in action for broker's commission, held prejudicial error.**

In action for broker's commissions, where defendant pleaded that broker was not procuring cause, and introduced evidence tending to show that he was to be paid no commission unless he procured lease for greater sum than that already offered by lessee, and requested special issues to determine truth of facts so pleaded, refusal of such issues *held* reversible error.

**5. Brokers ⏴88(1)—Refusal to direct verdict proper, where evidence conflicting.**

In action for broker's commission, court properly refused to direct verdict, where testimony was conflicting.

**6. Judgment ⏴256(7)—Inclusion of interest in judgment erroneous, where issue not submitted to jury.**

Inclusion of interest in judgment on verdict for recovery of broker's commissions is error, where the trial court did not submit the issue of interest to the jury, since, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, the verdict must be the basis of the court's judgment in such matters.

**7. Appeal and error ⏴843(3)—Evidence will not be discussed, where remand ordered for errors.**

The Court of Civil Appeals will not discuss the weight and sufficiency of the evidence, where, because of trial errors, the cause must be remanded.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Action by J. Lynn Van Natta against Terry Thompson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Madden, Adkins & Pipkin, of Amarillo, for appellant.

Lumpkin & Trulove, of Amarillo, for appellee.

HALL, C. J. The appellee filed this suit in the county court of Potter county against Terry Thompson, alleging that while he was a real estate broker, engaged in selling oil and gas leases, the defendant, Thompson, during the month of July, 1923, entered into an agreement with him, by the terms of which Thompson contracted, promised, and agreed to pay him a reasonable commission if he would find and procure for him a purchaser for an oil and gas lease upon a portion of his land situated in Moore county; that, relying upon defendant's promise to pay him a commission for obtaining a purchaser for an oil and gas lease upon a part of his premises, the plaintiff did procure a purchaser, to wit, Producers' & Refiners' Corporation, to which corporation the defendant, joined by his wife, executed an oil and gas lease upon 7,500 acres of said land, for which the lessee paid defendants $1 per acre rent; that the usual and reasonable commission paid for the sale of such leases in the Panhandle of Texas was and is 10 per cent. of the cash consideration received by the lessor. He alleges that he is entitled to recover $750, which the defendant has refused to pay, and prays for judgment for said amount, with interest at the legal rate.

The appellant answered by general demurrer and general denial, and further specially alleged that, if he did so contract and agree with the plaintiff, the said Van Natta never at any time performed his said alleged agreement to procure a purchaser, and, before the lease was ever executed to the said corporation, the said Van Natta abandoned performance of the obligations devolving upon him by failing to procure said purchasers and to consummate any deal for the sale of said leases, and abandoned any and all rights which he might have under his alleged contract, and so notified the appellant and the agents of said corporation, stating that he was not interested in the making of said lease.

It is further alleged that Van Natta was, in truth and in fact, at all times the agent and representative of one C. E. Sutton, who was the local agent of the Mountain States Pipeline Company and of T. B. Hoffer and said Producers' & Refiners' Corporation, all of whose interests in the Amarillo field are mutual and common; that all of said parties, including Van Natta, were at all times working to procure advantageous oil and gas leases in the Amarillo field, and were so

working together to procure a lease from the appellant on the lands in question, and, in so doing, Van Natta was actually representing and working for said other parties and in their interest at the time he alleges he was employed by appellant; that appellant did not know that Van Natta was posing as a real estate broker or commission man, or was purporting to represent him in the transactions with the corporation; that if Van Natta was representing the appellant, which is denied, nevertheless, he was at the same time actively engaged as the agent and representative of said other parties, and especially of the corporation which became the lessee in said contract, and whose interests were adverse to the interests of appellant, and because Van Natta acted in a dual capacity, without the knowledge and consent of appellant, he is not entitled to recover upon his alleged cause of action.

The case was submitted to the jury on special issues; the findings being as follows:

No. 1. That the defendant, Terry Thompson, did agree to pay plaintiff, Van Natta, a commission, if plaintiff would find and procure for him a purchaser for an oil and gas lease upon lands owned by the defendant or his wife in Moore county.

No. 2. That plaintiff procured a purchaser, to wit, Producers' & Refiners' Corporation, for an oil and gas lease upon about 7,500 acres of land situated in Moore county owned by the defendant or his wife.

No. 3. That the consideration paid to defendant for the lease was $7,603.80.

No. 4. That the usual and reasonable commissions for the sale of such leases in the Panhandle of Texas during the month of July, 1923, was 10 per cent. of the principal.

Upon special issues requested by the defendant and given by the court the jury found as follows:

No. 2. That Van Natta did not abandon his agreement with appellant prior to the time the lease contract was made.

No. 5. That $760.38 would reasonably compensate Van Natta for his services in procuring the lease contract in question.

No. 7. That Van Natta was not acting for or representing Sutton, Mountain States Pipeline Company, Hoffer, or the Producers' & Refiners' Corporation at the time he was acting for defendant in connection with the leasing of the lands in question.

Based upon this verdict, the court rendered judgment in favor of Van Natta for the sum of $760.38, with 6 per cent. interest from and after July 31, 1923, the date upon which Van Natta claims the contract was made with the corporation and when the payment of his commission became due.

Under the fourth proposition appellant insists that in an action for commissions, as in this case, it was error for the court to submit to the jury a special issue merely requesting them to answer if the plaintiff procured a purchaser for said lease, without in any manner defining "procuring cause." This complaint is based upon the first special issue submitted by the court.

The appellant by special issues Nos. 4 and 6 requested the court to submit these issues:

"Did the Producers' & Refiners' Corporation lease the lands in question as a result of the solicitations and efforts of the plaintiff?" and

"Was the plaintiff the procuring cause of the lease contract in question?"

[1] These two issues were refused by the court. Appellant did not request the court to give to the jury a special charge defining "procuring cause." In the absence of such request the appellant cannot complain in this court. Black v. Wilson (Tex. Civ. App.) 187 S. W. 493; K. C., M. & O. Ry. Co. v. Oates (Tex. Civ. App.) 185 S. W. 1014; Osage O. & G. Co. v. Caulk (Tex. Civ. App.) 243 S. W. 551.

[2-4] Appellant pleaded, in defense, that the appellee, Van Natta, was not the procuring cause, and introduced evidence which tended to show that under the real contract appellee was not to be paid any commission unless he procured a lease for a greater sum than $1 per acre, which had already been offered defendant by the lessee, and requested special issues which, if submitted to the jury, would have determined the truth of the facts so pleaded. The court refused these issues, which, we think, constitutes reversible error. In submitting a case upon special issues both parties are entitled to have their theories of the case, and the facts constituting the cause of action, on the one hand, and matters pleaded in defense, on the other, affirmatively submitted for the determination of the jury. Fox v. Dallas Hotel Co. (Tex. Civ. App.) 196 S. W. 647; Id., 111 Tex. 461, 240 S. W. 517; Sherrill v. Union Lumber Co. (Tex. Civ. App.) 207 S. W. 149. In suits upon contracts a defendant may, under a general denial, show that the contract is not that alleged by plaintiff, and that altogether a different contract was made upon which plaintiff cannot recover. Brodage v. Greenwood (Tex. Civ. App.) 261 S. W. 453; Goodwin v. Biddy (Tex. Civ. App.) 149 S. W. 739.

[5] The court did not err in refusing to direct a verdict for either party. The testimony was sharply conflicting upon the issues made by the pleadings, and, while it may be the rule that Van Natta's recovery should have been limited to the amount claimed in his petition and the prayer, this is not a case where the court was authorized to peremptorily instruct the jury.

[6] The plaintiff prayed that he have judgment for his debt, alleged to be $750, and interest and costs of suit. His right to recover interest was not submitted to the jury, but the judgment decrees that he recover interest from and after the 31st day of July, 1923, at 6 per cent. per annum; said date being alleged as the date of the breach. While in the

case of Watkins v. Junker, 90 Tex. 584, 40 S. W. 11, the Supreme Court has held that the court may award the plaintiff interest in cases of this character as damages, it has been finally determined in the case of Davis, Agent, v. Morris (Tex. Civ. App.) 257 S. W. 328; Id. (Tex. Com. App.) 272 S. W. 1103, that the plaintiff in the trial court is not entitled to the item of interest as part of the judgment, where the trial court did not submit the issue of interest to the jury. In the discussion of this question in Davis, Agent, v. Morris, 257 S. W. 328, the Austin Court of Civil Appeals reviews the Watkins-Junker Case, and holds that under the practice and Vernon's Sayles' Civ. St. 1914, art. 1984a, the verdict of the jury must be the basis of the court's judgment with reference to such matters.

[7] The remaining propositions urged in appellant's brief will not be discussed, since their consideration would require this court to express an opinion upon the weight and sufficiency of the evidence. In view of the fact that the cause must be remanded, it would not be proper for us to discuss the evidence.

For the errors pointed out, the judgment is reversed, and the cause is remanded.